# Shank *versus* The United Brethren Mutual Aid Society.

*Suicide is a question of intention, and where no direct evidence exists the question of intention is to be inferred from the circumstances and should be submitted to the jury.*

May 24th 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.

Error to the Court of Common Pleas of *Lebanon county :* Of May Term 1877, No. 202.

Debt by Christian H. Shank, administrator d. b. n. of John E. George, deceased, to the use of Philip F. McCaully, against The United Brethren Mutual Aid Society of Pennsylvania, to recover

3 NORRIS—25

the amount due on a policy or certificate of membership on the life of said John E. George, deceased.

George, on the 23d of May 1871, had his life insured in the society for $1000, for the benefit of his wife Lizzie M. George, and subsequently paid all assessments to 31st of October 1873, at which time he and his wife assigned their right in said policy to McCaully, to whose use this suit is brought, and who paid all the subsequent assessments on the policy. The policy or certificate of membership contained a clause that the company would not be liable if the death was caused by suicide or was induced by immoralities, and the only defence was that George had committed suicide.

At the trial before Henderson, A. L. J., it appeared that a short time before his death George walked into his garden where a man named Lehman was at work and talked as usual with him. The wife of George was also in the garden and after conversing a few minutes the deceased remarked that he was going up stairs to read the newspaper and went into the house. About three-quarters of an hour thereafter Mrs. George, who had meantime gone into the house and prepared supper, went up stairs to call her husband and found him stretched on his back across the bed, a pistol lying on his chest and another pistol lying below the pillows. The deceased had put on his wrapper and his slippers. A physician was sent for who upon his arrival discovered the deceased to be dead. He found a small bullet hole about an inch above the right ear. One of the pistols was still loaded, but one barrel of the smaller one had been discharged, and the ball in the wound corresponded with the size of the ball used in this pistol. The physician testified that it was plain that the pistol had been held against the head and discharged, because there were no grains of powder on the skin; nothing but a round black hole. There was nothing in the conduct of the deceased to indicate any intention to commit suicide and there was no known motive for the act.

The plaintiff submitted the following points, to which are appended the answers of the court.

1. That the mere fact of death in an unknown manner, and without evidence to show who caused it, creates no legal presumption of suicide; upon evenly-balanced testimony the law assumes innocence rather than crime. Preponderating evidence, where the defence is suicide, is necessary to establish the fact, and without which the plaintiff is entitled to recover.

Answer. "We answer this point in the affirmative, as we have already so answered in the general charge, submitting to you to determine whether or not it is sufficient to justify you in coming to the conclusion that George took his own life."

2. There being no evidence of the suicide of the said George in this case, except the fact that he was found dead in his bed, with a gun-shot wound in his head, the plaintiff is entitled to

[Shank v. The United Brethren Mutual Aid Society.]

recover, inasmuch as the defendant having failed to establish the fact that he, the said George, wilfully and deliberately took his own life.

Answer. " This point we answer in the affirmative, as a proposition of law, submitting to you the question of fact to be gathered from the entire evidence in the case. The plaintiff's point refers to the fact that he was found dead in his bed with a gun-shot wound in his head. But you will also consider the manner in which he was found. The fact that he was found, in connection with the pistols, and the circumstances connected with the finding of them on the bed—in what way—the condition in which the pistols were when found. Take all this into consideration ; we say it is for the jury to determine from all the evidence whether it was the act of a suicide or not. You must be satisfied that such was the fact, in order to justify you in finding in favor of the defendant ; otherwise you will find in favor of the plaintiff ; if you are not satisfied from all the evidence that the death was occasioned by suicide, then you will find in favor of the plaintiff."

3. There is no evidence to show that George took his own life, and, therefore, under the certificate as granted by the defendant, the plaintiff is entitled to recover.

Answer. " We decline to answer this point as requested ; but have submitted to you the entire evidence in the cause. If they have satisfied you that John E. George took his own life, then the plaintiff cannot recover ; otherwise he' may recover upon the certificate of the defendant."

The verdict was for the defendant, and after judgment the plaintiff took this writ assigning for error, *inter alia*, the answers to the foregoing points.

*A. R. Boughter*, for plaintiff in error.—The mere fact of death in an unknown manner creates no presumption of suicide ; upon evenly balanced testimony the law assumes innocence rather than crime, and preponderating evidence is necessary to establish the latter : Continental Ins. Co. *v.* Delpeuch, 1 Norris 225.

The burthen of proving suicide is upon the party who alleges it : Nimick *v.* Mutual Life Ins. Co., 10 Am. Law Reg. N. S. 101 ; Bliss on Life Insurance 624.

In the absence of motive there was a strong presumption that the death was accidental and the evidence submitted should not have gone to the jury.

*John Benson*, for defendant in error.—It was for the jury to determine under the circumstances of this case whether the deceased had committed suicide : Wenrich & Co. *v.* Heffner, 2 Wright 207 ; Express Co. *v.* Wile, 14 P. F. Smith 201 ; McKee *v.* Bidwell, 24 P. F. Smith 218.

[Shank *v.* The United Brethren Mutual Aid Society.]

The judgment ·of the Supreme Court was entered June 4th 1877,

PER CURIAM.—Suicide is a question of intention to be inferred from the circumstances where no direct evidence exists. The circumstances in this case were sufficient to go to the jury on this question. Indeed there was no other means of determining the intention of the alleged suicide.

Judgment affirmed.