## The People v. Jeremiah Stackhouse.

*Witness—Impeachment by expressions out of court.*

A witness in a criminal case cannot be impeached by showing that out of court he had expressed suspicions as to the respondent which on cross-examination he says he does not remember expressing.

Error to Hillsdale. Submitted June 20. Decided Oct. 4.

INFORMATION for arson. Respondent brings error. Reversed.

*Albert Dickerman* and *George A. Knickerbocker* for appellant. It cannot be shown on cross-examination that the witness has given an opinion out of court relative to the subject matter of the suit, *inconsistent with the conclusion* which the *facts* which he testified to at the trial will warrant : 1 Greenl. Ev. § 449 ; *Rucker v. Beaty* 3 Ind. 70 ; *Pruitt v. Miller* 3 Ind. 16 ; *McIntire v. Young* 6 Blackf. 496 ; *Elton v. Larkins* 5 Car. & P. 86 ; *Holmes v. Anderson* 18 Barb.

420; *Furst v. Second Avenue R. R. Co.* 72 N. Y. 543; *Murphy v. Com.* 23 Grat. 960; *Daniels v. Conrad* 4 Leigh 401; Cow. & H. notes, Phil. Ev. notes 509, 533; *Lane v. Bryant* 9 Gray 245; *Com. v. Snow* 111 Mass. 409; *Com. v. Mooney* 110 Mass. 99.

Attorney General *Jacob J. Van Riper* for the People. If testimony relates to matters in issue, evidence is admissible to show that witness had stated otherwise out of court ; *Smith v. People* 2 Mich. 415; *Strang v. People* 24 Mich. 1; *Lightfoot v. People* 16 Mich. 511; *Geary v. People*, 22 Mich. 220.

MARSTON, J.   The respondent was convicted of the crime of arson in burning a grist-mill.   On the trial Lizzie Stackhouse, wife of a brother of respondent, was examined as a witness in his behalf.   On cross-examination she was asked if she remembered saying to George Dibler and George Walker the night the accused was arrested, that she always did suspect Jerry burned the mill.   Her answer was that she did not.   Afterwards Dibler and Walker were called and testified under objection that she had so stated.   The question raised is, was it competent to thus impeach Lizzie Stackhouse ?   Upon the argument my impressions were strongly in favor of the admissibility of this evidence because the effect thereof would be to destroy, or at least weaken, the testimony of the principal witness.   An examination of the authorities cited by counsel for respondent compels a different conclusion.   The opinion or suspicions of the witness out of court, although inconsistent with the conclusion which the facts she testifies to on the trial would warrant, cannot be made the basis of an impeachment. This is so firmly settled by the authorities that the question cannot be considered an open one.

The judgment must therefore be reversed and a new trial ordered.

The other Justices concurred.