Filed Dec. 29, 1885.

No. 12,460.

## WELCH v. THE STATE.

CRIMINAL LAW.—*Murder.*—*Indictment.*—An indictment for murder, which charges that one W. did, on, etc., at, etc., feloniously, etc., kill and murder one F., by then and there feloniously, etc., striking him, the said

F., upon his head with a dangerous and deadly weapon, to wit, a large, heavy club, which he, the said W., had and held in his hands, is sufficient, although the words "then and there" are omitted after the name of the defendant as last set out.

SAME.—*Evidence.—Impeachment of Witness.*—A witness in a criminal case can not be impeached by showing that out of court he had expressed an opinion as to the defendant's guilt, which on cross-examination he denies.

SAME.—Where a witness for the defendant in a criminal case testifies to matters on cross-examination which are merely collateral to the main inquiry, it is not competent for the prosecuting attorney to contradict or impeach such statements.

SAME.—*Evidence.*—Until the State has introduced evidence tending to show that the defendant had left his neighborhood for the purpose of avoiding arrest, it is incompetent for the defendant to introduce testimony showing his intention and purpose when he so left.

From the Monroe Circuit Court.

*J. H. Louden* and *R. W. Miers*, for appellant.

*J. E. Henley*, Prosecuting Attorney, and *W. P. Rogers*, for the State.

MITCHELL, J.—The indictment in this record charges, with proper formality, that on the 4th day of January, 1885, William Welch did feloniously, etc., kill and murder one Louis Fedder, by then and there feloniously, etc., "striking him, the said Louis Fedder, upon his head, with a dangerous and deadly weapon, to wit, a large, heavy club, which he, the said William Welch, had and held in his hands."

The only objection made to the indictment is that by the omission of the words "then and there," after the name of the accused as last above set out, it fails to allege that the defendant had the club in his hand at the time of the beating and striking. Within the ruling in *Dennis* v. *State*, 103 Ind. 142, there is no force in this objection.

The accused was found guilty of murder in the first degree, and his punishment fixed at imprisonment for life. His conviction rests largely, if not entirely, upon the testimony of one Matthew James, whose evidence relates wholly to alleged confessions or admissions made by the defendant to him.

Besides the testimony of James and some criminating circumstances of more or less weight, the evidence of the alleged confession, as detailed by this witness, is not altogether free from suspicion, and the circumstances under which it is said to have been made, and the not altogether unblemished reputation of the witness, as it is made to appear in the record, detract somewhat from the force and reasonableness of the confession as related by him. Notwithstanding this, considering the other circumstances which appear since the jury have passed upon it, we should hesitate to disturb their finding on the evidence.

The witness testified that the defendant made admissions to him indicative of his guilt, in the presence of Andrew Cooper and Charles Young. Both of these persons were called as witnesses for the defence, and both denied having heard anything of the kind testified to by James.

Cooper having testified on his direct examination that he heard no confession made by the defendant to James, and no talk between them about the murder of Fedder, was asked on cross-examination by counsel for the State this question: " I will ask you if, in the barber shop of William Profit, here in Bloomington, you did not say there that morning that you knew Bill Welch was the man that killed Louis Fedder."

To this question the appellant objected, for the reason that it was asking the witness for an opinion expressed by him out of hearing of defendant, and was not asking for a fact, and was not a cross-examination, which objection was overruled, and defendant excepted, and the witness answered, " I did not."

The State then asked the witness: "And if you did not say there that you were willing to bet $250 that Bill Welch was the guilty man?"

To this question the appellant again objected, for the reason stated. The objection was again overruled, and the witness answered, " I did not."

The State then called Wm. Profit, and asked him the fol-

lowing question: "State to the jury whether you heard him (Andy Cooper) make the remark that 'William Welch, or Bill Welch, is the man who murdered old man Fedder; I am not guessing at it, I know it.'"

To this the appellant objected, for the reason that the question was illegal and incompetent, and was hearsay evidence, and was an effort to impeach a witness on irrelevant and immaterial matter, and that the question referred to the opinion of an outside party, which objection the court overruled, and appellant excepted, and the witness answered, "Yes; he said that."

The State then asked the witness the following question: "I will ask you if he said then at the same time and place, 'I will bet,' or 'I am willing to bet $250 that he is the man.'"

To which question the appellant again objected, for the same reasons, which objection was again overruled, and defendant excepted, and the witness answered, "Yes, sir; he said that."

The same questions were asked the witness, Harry Innes, by the State, to which the appellant objected for the same reasons.

These rulings of the court were presented, among others, as causes for a new trial.

We know of no principle or authority upon which to maintain the rulings of the court in admitting the testimony of Profit and Innes.

The conversation about which inquiry was made of Cooper on cross-examination was so remotely, if at all, connected with the subject of his direct examination and of the matter in issue, that the rule was put to its utmost tension in allowing the question to be asked him, over the defendant's objection. *McIntire* v. *Young*, 6 Blackf. 496.

As, however, if the witness had admitted that he made the declarations imputed to him by the cross-examining question, such admission might have formed the basis for further inquiry as to the sources of his knowledge, or the grounds

Welch v. The State.

upon which he based his opinion of the guilt of the accused, with a view of driving him ultimately to an admission that he heard the alleged confession, we think it was within the discretion of the court to allow the question.

Having denied the imputed declarations, we think the State was bound by the denial. The subject about which the witness was inquired of was new and collateral to the main issue. *Seller* v. *Jenkins*, 97 Ind. 430. It did not come within the rule that a witness may be shown to have made statements out of court inconsistent with his testimony given upon the trial. The conversation or declarations imputed to him had no relation, except by argument or inference, to the testimony given by the witness on his examination in chief. They were not contradictory of his testimony as given, nor were they inconsistent with it, so as to become the subject of an impeachment. 1 Whart. Ev., sections 558, 559; *Seller* v. *Jenkins, supra.*

This case is complete in its analogy with that of *People* v. *Stackhouse*, 49 Mich. 76. In that case a witness was examined on behalf of the accused, who was on trial for the crime of arson. On cross-examination, she was asked if she had not said to certain persons named, on the night the accused was arrested, that she always did suspect that he did burn the mill. Having denied the imputed conversation, two witnesses were called who testified that she had so stated. Reversing this ruling the court said: "The opinion or suspicions of the witness out of court, although inconsistent with the conclusion which the facts she testifies to on the trial would warrant, can not be made the basis of an impeachment. This is so firmly settled by the authorities that the question can not be considered an open one."

Whether the matter inquired of on cross-examination, and proved by the State in impeachment of Cooper, was collateral to the main inquiry or not, is determined by this inquiry: Would the prosecuting attorney have been permitted to introduce it in evidence as part of the State's case? If he

would not, it was collateral.' If it was collateral, it was not competent to contradict it.    1 Whart. Ev., section 559; *George* v. *State*, 16 Neb. 318; *State* v. *Townsend*, 24 N. W. Rep. 535; *Sumner* v. *Crawford*, 45 N. H. 416; *Moore* v. *People*, 108 Ill. 484.

In 1 Greenleaf on Evidence, section 449, the rule is stated thus: "And, if a question is put to a witness which is collateral or irrelevant to the issue, his answer can not be contradicted by the party who asked the question; but it is conclusive against him."

In Starkie on Evidence, page 200, the author says: " It is here to be observed, that a witness is not to be cross-examined as to any distinct collateral fact for the purpose of afterward impeaching his testimony by contradicting him.".

In 1 Wharton on Evidence, section 559, the learned author says: " In order to avoid an interminable multiplication of issues, it is a settled rule of practice, that when a witness is cross-examined on a matter collateral to the issue, he can not, as to his answer, be subsequently contradicted by the party putting the question."

The ruling of the court in admitting this evidence, and other rulings admitting evidence of like character, were such errors as must reverse the judgment.

In the fifth reason assigned for a new trial is also included an alleged error of the court in excluding the evidence of James Kelley, a witness for appellant.

When James Kelley was on the witness stand, the counsel of appellant asked him to state what he knew of the intention of the defendant to leave Bloomington, and for what purpose, etc.    To this question the State objected, for the reason that it was hearsay; counsel for defendant stated that the defendant proposed to show that the defendant and this witness had a conversation as to his going away to the Air-Line Railroad to get a job of work, instead of going away to avoid a prosecution; that the defendant made his going away public, and that he made known his intention and pur-

pose to five or six other witnesses; and that he went to get work, and got work. The court sustained the objection, and appellant excepted.

Concerning the evidence thus proposed, it may be said the record fails to show that the State had introduced evidence tending to show that the defendant left Bloomington under circumstances which might indicate a purpose to avoid arrest and prosecution.

Until some evidence was introduced.by the State upon which a claim of flight or evasion of arrest might have been based, the evidence offered was immaterial. It may have been excluded for that reason. We need not decide whether under any circumstances such evidence is competent. *Hamilton* v. *State*, 36 Ind. 280 (10 Am. R. 22); *Austin* v. *Swank*, 9 Ind. 109; *Boone County Bank* v. *Wallace*, 18 Ind. 82.

The application for a new trial, so far as it was asked on the ground of newly discovered evidence, need not, in view of the fact that for the reasons already given the judgment must be reversed, be further noticed.

Judgment reversed, with directions to the clerk to make the proper order concerning the further custody of the defendant.

