Filed April 15, 1896.

No. 1,702.

## BROWER v. REAM.

PLEADING.—*Argumentativeness.*—*Demurrer.*—Argumentativeness in a pleading is not ground for demurrer.

EVIDENCE. — *General Reputation.* — *Cross-examination as to Specific Declarations.*—*Rebuttal by Parties Mentioned by Witness.* — A witness having testified that the general reputation of plaintiff was bad, and on cross-examination having given the names of persons whom he had heard speak of her character in question, and testified

Brower *v.* Ream.

to what they said, it is error to permit such persons mentioned by witness to be called and to testify that they never made the declarations attributed to them.

APPELLATE PROCEDURE.—*Bill of Exceptions.—Presentation to Judge.* —When a bill of exceptions was presented to the court, within the time allowed for presenting same, and a memorandum was made thereon at the time of presentation, stating that the bill was filed. within the time allowed by the court, and signed and certified by the judge thereof, and held by him for examination until after the expiration of the time allowed for filing same, it must be presumed, regardless of the memorandum of the judge made thereafter and outside of the general certificate, that the bill.of exceptions was presented in time.

From the Miami Circuit Court.

*R. P. Effinger* and *C. A. Cole,* for appellant.

*E. T. Reasoner, J. W. O'Hara, J. F. France* and *Z. T. Dungan,* for appellee.

REINHARD, J.—The appellee sued the appellant to recover damages for a breach of contract of marriage. The second paragraph of appellant's answer is as follows: "And for a second and further answer the defendant says that at the time of the alleged attentions and promise of marriage as set out in plaintiff's complaint, this defendant believed the plaintiff to be a pure and virtuous woman, of good reputation for chastity and morality, and calculated and fitted to make a good and faithful wife; that plaintiff was not, in fact, prior to or during the time of said alleged attentions, a woman of good character, but was, during said time, a woman of bad reputation for chastity, reputed to be of lewd habits and to have been and to be in the habit of having illicit sexual intercourse with men, and that she was in the habit of having such intercourse; that when the defendant learned of her said character, to-wit, in the spring of 1892, he

ceased to pay her further attention or conduct himself toward her as a lover."

To this answer the appellee filed the following reply: "And said plaintiff further says, by way of reply to the second paragraph of defendant's answer, that he lived in the neighborhood where plaintiff lived, and he knew her reputation fully, at the time of his contract with the plaintiff in marriage, as set out in her complaint; that he fully knew all about her said reputation, at the time said contract was entered into, and if he did hear anything derogatory about her reputation or character, he fully condoned it, as aforesaid, by insisting upon their marriage. Wherefore said plaintiff demands judgment."

The appellant filed a demurrer to this paragraph of reply which was overruled, and this ruling is assigned as error.

Appellant insists that this reply is neither a denial nor a confession and avoidance of the matter to which it is pleaded, but that it is wholly argumentative in its character, and, consequently, subject to demurrer. The objection urged is not tenable.

It is a well-known rule that argumentativeness in a pleading is not a ground for demurrer. *Kepler* v. *Jessup*, 11 Ind. App. 241.

It is proper to state that we regard it as doubtful whether either the answer or reply is good, but as the cause will have to be retried in any event, the pleadings may be amended so as to make them sufficient.

The only remaining error relied upon by appellant's counsel for a reversal of the judgment, is the overruling of the motion for a new trial. It is insisted that the court erred in improperly allowing the appellee's counsel to ask certain witnesses certain questions, and to allow such witnesses to answer the same.

Samuel B. Flora, a witness for the appellant, whose

deposition was read in evidence, testified as follows:

"Quest. Are you acquainted with her (appellee's) general reputation for chastity and virtue in the neighborhood in which she lived, during the time that the defendant was paying attention to her? Ans. I heard a good deal about it.

"Quest. Answer the question, yes or no? Ans. Yes, sir.

"Quest. Was it good or bad? Ans. It was bad."

On cross-examination this witness testified as follows:

"Quest. Give us the names of the persons you heard say her character for chastity was bad in the neighborhood in which she lived with her father and mother? Ans. Well, I have heard Andrew Teter, Frank Teter and Orlanda Slabaugh.

"Quest. Any one else? Ans. Julius Pontius. That is all I can state that I can tell exactly what they said.

"Quest. What did you hear Andrew Teter say? Ans. I heard him say he had been with her and in her company," and other language which we do not deem necessary to set out here.

"Quest. What did you hear Frank Teter say? Ans. About the same."

Andrew and Frank Teter were then called in rebuttal, and, over appellant's objection, appellee proved by them that they never said to Samuel B. Flora what the latter testified they had said to him in regard to the character of the appellee. The appellant saved an exception to the ruling which admitted this testimony.

Appellant's counsel earnestly insist that the ruling referred to constitutes reversible error, and in support of their contention they refer us to the cases of *Robbins* v. *Spencer*, 121 Ind. 594, and *Welch* v. *State*, 104 Ind. 347. In the case first cited, witnesses were called

at the trial, who gave evidence tending to impeach the general reputation for truth and veracity and morality of one of the witnesses who had testified in favor of the opposite party.   After having stated in his direct examination that he knew the general reputation of said witness in the respect alluded to, and that it was bad, he was asked to give the names of such persons as he had heard speak in derogation of the reputation and character of the impeached witness, and mentioned the names of four or five different persons. In rebuttal, the appellant called the persons whose names had thus been mentioned, and in a proper question proposed to prove by them that they had never made the statements attributed to them by the impeaching witness.   This evidence was excluded, and the ruling was complained of as being reversible error.   The court held that the ruling was proper. Mitchell, J., speaking for the court, in the course of the opinion said:   "The rule seems to be settled, when general evidence impeaching the credit of the witness has been given, the opposite party may go into a cross-examination to ascertain the grounds of the unfavorable opinion as means of knowledge possessed by the impeaching witness, including an inquiry into the source and nature of disparaging reports.   *   *   *   * To this extent, the rule seems to be satisfactorily established, but we know of no authority, nor can we conceive of any valid reason which would justify a collateral issue, such as would arise if the evidence proposed were admitted between the witnesses.   Such an inquiry would only tend to embarrass and delay trials without subserving the ends of justice.   The established rule, applicable in a case like the present, as in all other cases, is that 'in order to avoid an interminable multiplication of issues, it is a settled rule of practice, that when a witness is cross-examined on

a matter collateral to the issues he cannot, as to his answer, be subsequently contradicted by the party putting the question.' I Whart. Ev., section 559; *Welch* v. *State, supra.* The evidence excluded falls directly within the rule above stated."

In *Welch* v. *State, supra,* practically the same point was decided with this difference, that there the objectionable testimony was admitted, and for this error the cause was reversed.

Upon the authorities cited, the ruling referred to constitutes reversible error if the question is properly presented in the record. Appellee's counsel insist, however, that the bill of exceptions containing this evidence is not properly in the record, because the same was not submitted in time to the trial judge. It appears that 120 days' time was given the appellant to prepare and file his bill of exceptions, from the 28th day of May, 1894, which was the day upon which the motion for a new trial was overruled and judgment rendered. The judge certified over his official signature as follows: "Comes now the defendant in the above entitled cause, on the 21st day of September, 1894, within the time allowed by the court for filing bills of exception in said cause, and presents to Jabez T. Cox, the regular judge of said court, who presided at the trial of said cause therein, the annexed and foregoing longhand transcript of the evidence given on said trial, with the rulings of the court on the admission and conclusion of evidence offered therein, and the exceptions to such rulings, and tenders the same as his bill of exception No. 1 in said cause, and asks that the same may be signed and sealed and made a part of the record herein, which is accordingly done. And the said Jabez T. Cox, as aforesaid, does hereby certify that the said transcript was written out in longhand by John Spurgeon, the official re-

porter of said court, from the shorthand report of the evidence taken by him on the trial of said cause, and that the said annexed transcript contains all the evidence given on the trial of said cause, together with the rulings of the court on the admission of evidence and the exceptions thereto. Witness my hand and official seal, this 6th day of February, 1895. J. T. Cox, Judge."

Following the above certificate are these indorsements: "This bill of exceptions was presented to me, this 21st day of September, 1894, and is held for examination. J. T. Cox, Judge."

"Filed February 6,1895. Joseph H. Larimer,Clerk."

As we understand the appellee's contention,it is that because, according to the judge's certificate, the bill was signed by the judge on the 6th of February, 1895, which was after the expiration of the time allowed for presenting the same, it must be conclusively presumed that that was the day upon which the bill was presented to the judge, and that the indorsement of the judge outside of the certificate and below his signature cannot be taken into consideration. Counsel for appellee evidently lose sight of the fact that the judge has certified in the very body of his certificate that the bill was presented to him on the 21st day of September, 1894, and within the time allowed by the court for filing the same. We quite agree with appellee's learned counsel, that if the date of presentation of the bill were made manifest only by a memorandum of the judge outside of his general certificate, and there were no other evidence of such presentation previous to the time of the signing of the certificate, it would not be sufficient. *City of Plymouth* v. *Fields*, 125 Ind. 323; *White* v. *Gregory*, 126 Ind. 95.

It being certified by the judge, in the regular way, that the bill of exceptions was presented to him on

the 21st day of September, 1894, which was within the time allowed, we must hold, regardless of the memorandum of the judge made below and outside of the general certificate, and ignoring the same, that the bill of exceptions was presented in time, and this being true, the date of the signing and authentication of the same is immaterial.

For the error committed in the admission of improper evidence, as heretofore indicated in this opinion, the judgment is reversed, with instructions to the trial court to sustain the appellant's motion for a new trial.

Filed January 23, 1896 ; petition for rehearing overruled April 13, 1896.