# FOUNTAINE *v.* WASHINGTON RAILWAY & ELECTRIC COMPANY.

EVIDENCE; NEGLIGENCE, PRIOR ACTS OF; WITNESSES, IMPEACHMENT OF.

1. Evidence of prior acts of negligence is inadmissible in an action for personal injuries for the purpose of proving the particular negligent act charged.

2. A party cannot lay the foundation for the impeachment of a witness by procuring an answer on cross-examination as to a fact purely irrelevant and collateral to the issue. (Citing *Crawford* v. *United States,* 30 App. D. C. 1.)

3. A denial of prior acts of contributory negligence by a plaintiff on cross-examination cannot be made the basis of his impeachment as a wit-

ness, when it is not volunteered, but is procured by direct and persistent questions of the other party.

No. 2649. Submitted April 8, 1914. Decided May 4, 1914.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action brought to recover damages for personal injuries.

*Reversed.*

The COURT in the opinion stated the facts as follows:

Action in tort brought by James C. Fountaine, appellant, in the supreme court of the District of Columbia to recover damages for personal injuries sustained while attempting to board a street car on defendant company's line in this city. From a verdict in favor of the Washington Railway & Electric Company, defendant, the case comes here on appeal.

The only assignment of error entitled to consideration relates to certain evidence admitted on behalf of defendant for the purpose of impeachment. Plaintiff, in his testimony in chief, testified in substance that he stepped on the car in question, and reached around two passengers standing upon the platform to catch a brass bar on the rear end of the car adjacent to the steps and platform, when the car gave a sudden jerk, throwing him to the street and injuring him. The defense was that plaintiff was injured while attempting to board a moving car.

On direct examination, plaintiff testified that the car had stopped before he attempted to board it. On cross-examination, he testified as follows:

Q. Is it not a fact that when the car approached M street, the place where it regularly stops, either for a fire stop or to take on passengers, that you attempted to board it before it stopped?

A. No, sir; I did not need to do it. I had no need to do it, indeed. I was there in plenty of time, and before any car came in sight.

Q. Is not that the fact?

A. No, sir; I didn't attempt to board that car until it came to a standstill. Another thing, if it was not going to stop there, the law compels it to stop there, to my understanding. It is a fire stop, and the cars are bound to stop there, and I surely could have stepped on the car. I could have gotten part of the way on, if not all the way on. I did not get all the way, I wish I had.

Q. Now, how certain are you that the car had come to a stop before you attempted to board it?

A. I am very certain, because I was in my right mind and knew what I was doing. I had gotten on the car time and again, and surely wouldn't get on a car going.

Q. You never did get on a car while it was going?

A. I may have in my lifetime.

Q. At that very point?

A. I don't remember getting on a car before it stopped.

Q. Well, would you remember?

A. Would I remember it?

Q. Don't you know that you frequently got on the car there before it stopped, and were warned by the conductor about it?

A. No, sir; I don't remember anything of the kind.

Q. Well, will you say it is not so?

A. Yes, I said I don't remember getting on a car there before it stopped, in my life. Now, I don't get on cars before they stop.

For the purpose of impeaching plaintiff, counsel for defendant placed a conductor on the stand who testified that he was present and saw plaintiff immediately after the accident, "and recognized him as a man who had often ridden on witness's car, boarding it sometimes at M street, and sometimes at L street," and who "further testified in response to questions of defendant's counsel, and over the objection of plaintiff's counsel, that plaintiff had repeatedly run for and jumped aboard the witness's car while it was in motion, and that witness had cautioned him that it was a dangerous thing to do."

*Mr. Leonard J. Mather* and *Mr. John Doyle Carmody* for the appellant.

*Mr. William G. Johnson* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

Evidence of prior acts of negligence is inadmissible for the purpose of proving the particular negligent act charged. *Delaware, L. & W. R. Co.* v. *Converse,* 139 U. S. 469, 476, 35 L. ed. 213, 216, 11 Sup. Ct. Rep. 569; *Dalton* v. *Chicago, R. I. & P. R. Co.* 114 Iowa, 257, 86 N. W. 272; *Louisville & N. R. Co.* v. *McClish,* 53 C. C. A. 60, 115 Fed. 268; *Robinson* v. *Denver City Tramway Co.* 90 C. C. A. 160, 164 Fed. 174. This cannot be accomplished by either direct proof of the prior act, or by way of impeaching a witness who, on cross-examination, has denied that he was guilty of such prior acts of negligence. The reason is that the lack of connection between the act charged and the prior acts makes the former irrelevant, and a party, in cross-examination, cannot examine a witness as to a fact purely irrelevant and collateral to the issue, and, by procuring a denial, thereby lay the foundation for impeachment. *Crawford* v. *United States,* 30 App. D. C. 1, 24; *Sloan* v. *Edwards,* 61 Md. 89; *Hildeburn* v. *Curran,* 65 Pa. 59; *Welch* v. *State,* 104 Ind. 347, 3 N. E. 850, 5 Am. Crim. Rep. 450; *State* v. *Goodwin,* 32 W. Va. 177, 9 S. E. 85. In the *Hildeburn Case,* Mr. Justice Sharswood announced the following rule: "The rule is well settled that if a witness is cross-examined to a fact purely collateral and irrelevant to the issue, and answers it without objection, he cannot be contradicted. The reason is obvious. The investigation might thus branch out into any number of immaterial issues upon the mere question of the credibility of a witness. * * * The test of whether a fact inquired of in cross-examination is collateral is this, Would the cross-examining party be entitled to prove it as a part of his case, tending to establish his plea?" It is clear, therefore, that defendant could not have proved that plaintiff had been in the habit of boarding

cars while in motion, and had been warned against so doing by a conductor, either as a part of its evidence in chief, or by way of impeaching plaintiff, after having secured a denial of the truth of such fact in answer to a direct inquiry on cross-examination.

But it is urged that plaintiff volunteered the statement that he was not in the habit of boarding cars while in motion as a basis for his recollection that he had not so boarded the car in question. It may well be that if a witness, on cross-examination, voluntarily states a fact collateral and irrelevant to the issue as the basis for his recollection of a certain material fact, the opposing party may impeach the witness as to the truth of the material fact testified to, by proving that the witness was mistaken as to the fact upon which he based his recollection. But that is not this case. Plaintiff did not, in answer to the question, "Now, how certain are you that the car had come to a stop before you attempted to board it?" state that he was certain because he was not in the habit of boarding cars while in motion, and that he had not been warned by conductors as to the danger of such conduct. In any hypothesis this answer would have been essential to lay the foundation for the impeaching evidence here admitted. On the contrary, counsel, not satisfied with the answer volunteered as a reason for his recollection, persistently, by a series of pointed questions, attempted to extract an answer from plaintiff to the effect that he had never boarded a car while in motion. To these questions he finally got witness to answer that he did not "remember getting on a car there before it stopped." It was then that counsel asked him the following question, the negative answer to which was made the basis of the impeaching evidence: "Don't you know that you frequently got on the car there before it stopped, and were warned by the conductor about it?"

It will be observed that up to this point nothing had been said about a warning by the conductor, which was the most prejudicial feature of the evidence. Hence, that collateral and irrelevant fact was elicited in the cross-examination, and was

not therefore subject to rebuttal. But we think the whole ground for impeachment is embraced in plaintiff's negative answer to this one question, and is therefore irrelevant, and for that reason not a proper basis for the admission of impeaching evidence. What had gone before was not equivalent to a voluntary statement by plaintiff in support of his recollection as to the present event that he never had boarded a car in motion, or that he was not in the habit of so boarding cars. Hence, it simply amounts to an attempt to lay the foundation for impeachment by securing in cross-examination a denial by plaintiff of the happening of a collateral and irrelevant event.

For the error committed in admitting the impeaching evidence, the judgment is reversed with costs, and the cause is remanded for a new trial.                        *Reversed.*