## Baumberger v. Supreme Hive Ladies of the Maccabees.

*Insurance—Life insurance—Suicide—Burden of proof—Evidence.*

1. In an action on a life insurance policy, where death by suicide is alleged, the presumption is that deceased did not die by his own hand, so that the burden of proving such defence rests on the defendant company.

2. Intention is of the very essence of the act of committing suicide, whether the mind entertaining the intent be rational or irrational.

3. Where deceased was alone in her room for several hours, was found dead lying on the floor, and asphyxiating gas was escaping in the room, and it is admitted that death was caused by the gas, no presumption of suicide arises from the circumstances, and the case is for the jury.

*Evidence—Declaration against interest—Competency of declarant.*

4. A declaration against interest, as an exception to the "hearsay rule," to be admissible, must not only be against declarant's interest, but such evidence must be competent if the declarant were himself a witness on the stand.

Action of *assumpsit* on life insurance policy. Motion for new trial. C. P. Washington Co., Feb. T., 1923, No. 252.

Before Brownson, P. J., and Cummins, J.

*Robert E. Burnside*, for plaintiff; *Lloyd O. Hart*, for defendant.

CUMMINS, J., Nov. 9, 1923.—Plaintiff's suit was brought to recover from defendant association on a policy of life insurance issued by it to plaintiff's wife, wherein plaintiff was named as beneficiary. The insured died on Sept. 4, 1922, at which time this policy was in full force and effect. Upon this showing alone plaintiff was entitled to recover the face of the policy. In its affidavit of defence, however, defendant alleged that deceased had died by her own hand, or was a suicide, and if this were true, under the terms of the insurance contract, the beneficiary would be entitled to receive only $438, twice the amount of the premiums paid, instead of $1000, the face value of the policy.

The presumption was that deceased did not die of her own hand (Continental Ins. Co. v. Delpeuch, 82 Pa. 225, 235), so that the burden of proving this affirmative defence rested upon the defendant association: Continental Ins. Co. v. Delpeuch, 82 Pa. 225, 235; Fisher v. Insurance Co., 188 Pa. 1, 13; Dougherty v. Mutual Life Ins. Co., 154 Pa. 385; Schoenfeld v. Royal Ind. Co., 76 Pa. Superior Ct. 299, 304; Jenkner v. Maccabees, 243 Pa. 281; 19 Cyc., 936. Intention is of the very essence of the act of committing suicide: Shank v. Mutual Aid Society, 84 Pa. 385. And see Hill v. Insurance Co., 209 Pa. 632. There must be at least an intent to take one's own life, whether the mind entertaining such intent be rational or irrational.

In support of its contention, defendant produced no direct testimony. The deceased had been alone in her home for several hours, and was found dead, lying on the floor. In the room there was escaping gas, and it was conceded that death was the result of asphyxia produced by this gas. From this fact arose no legal presumption of death by suicide: Continental Ins. Co. v. Delpeuch, 82 Pa. 225, 235. It was, therefore, a question of fact for the jury to determine, from all the circumstantial facts attending the death, whether or not deceased was a suicide: Hill v. Insurance Co., 209 Pa. 632; Continental Ins. Co. v. Delpeuch, 82 Pa. 225; Shank v. Mutual Aid Society, 84 Pa. 385, 388; Slattery v. Maccabees for Pennsylvania, 19 Pa. Superior Ct. 111. The jury, by its verdict, has found in the negative, and the court could not say, in the absence of any direct testimony, where the jury's inference had to be deduced solely from circumstantial facts proven upon trial, that the verdict so rendered against suicide was contrary to the weight of the evidence:

Continental Ins. Co. v. Delpeuch, 82 Pa. 225. Defendant's first reason assigned for a new trial cannot, therefore, be sustained.

The second reason assigned for a new trial complains of the court's ruling in sustaining an objection to an offer to prove, as a declaration against interest, a statement made by plaintiff long after being informed of his wife's death and at the time of her funeral.

The defence, by its own testimony, had already shown that deceased had died while alone; that the husband was absent at his work and knew nothing of his wife's death until his arrival home for his noon meal. The jury already had all the facts and circumstances surrounding the finding of the deceased. How was the plaintiff to know what was in the mind of his wife shortly before her death: Whether her death had been willed by her—was intentional? Whether or not she was a suicide was an inference to be drawn from these proven circumstances, and the drawing of that inference was for the jury and not for a witness.

With the record in this condition, counsel for defendant made the following offer, objection whereto was sustained: "We propose to show by the witness on the stand that, at the time of the funeral of Mrs. Baumberger, the plaintiff, in the presence and the hearing of the witness, stated to the minister in charge of the funeral the following, 'She did it, and I know why she did it,' as a declaration against interest of the plaintiff."

In refusing to admit this offer, we believe we were not in error. In offering it solely "as a declaration against interest," an exception to the "hearsay rule," it is not enough merely that the declaration be against the interest of the declarant. In order to be admissible, it must likewise not offend against the general rules governing the admissibility of testimony. As was said by Ogden, J., in Donnelly v. State, 26 N. J. L. 601: "Whatever would disqualify a witness would make such declarations incompetent testimony;" by Sanderson, C. J., in People v. Sanchez, 24 Cal. 17: "They stand upon the same footing as the testimony of a witness sworn in the case, and are governed by the same rules;" and by Chief Justice Elliott in Boyle v. State, 97 Ind. 322, they "are admissible in a case where the evidence would be competent if the declarant were on the witness-stand. . . . The question is . . . whether the declarant's statement was one that a witness on the stand would have been allowed to make." It is clear that the declarant in this case, if upon the stand as a witness, would not have been competent to express an opinion as to whether his wife had, shortly prior to her death, intended and willed her own death—that she was a suicide; and that, after having guessed as to this fact, that he should be competent to make the further guess as to why she had had such intention: Given v. Albert, 5 W. & S. 333; Carmalt v. Post, 8 Watts, 406. These inferences, if true, were to be found by the jury, not by the declarant, from the circumstantial facts attending the death. But the jury has found that these circumstancial facts were not sufficient from which to infer suicide, and if not, why should the jury on its finding be governed by the guess of a witness rather than by its own judgment? The authorities support the conclusion reached: People v. Olmstead, 30 Mich. 434; Kearney v. State, 101 Ga. 803, 29 S. E. Repr. 127; State v. Wright, 84 N. W. Repr. 541; Jones v. Com., 46 S. W. Repr. 217; State v. Burnett, 47 W. Va. 731; State v. Williams, 67 N. C. 12, 17; Ross v. Com., 55 S. W. Repr. 4; Elton v. Larkins, 5 C. & P. 89, 390; Com. v. Mooney, 110 Mass. 99; Welch v. State, 104 Ind. 347, 3 N. E. Repr. 850; People v. Stackhouse, 49 Mich. 76, 13 N. W. Repr. 364; Johnston v. Spencer, 51 Neb. 198, 70 N. W. Repr. 982; Nute v. Nute, 41 N. H. 60; State v. Davidson, 9 S. D. 564, 70 N. W. Repr. 879; Bank v.

Young, 43 N. H. 457; Saunders v. Railroad Co., 99 Tenn. 130, 41 S. W. Repr. 1031.

The third reason assigned for a new trial, alleging after-discovered evidence, cannot prevail, as the alleged evidence would be but cumulative of the evidence offered by defendant upon trial (Com. v. Delfino, 259 Pa. 272; Suravitz v. Ins. Co., 261 Pa. 390), and contradictory of that offered by plaintiff: Com. v. Carter, 272 Pa. 551.

*Decree.*—And now, to wit, Nov. 9, 1923, for reasons set forth in the foregoing opinion, motion for new trial refused.

From Harry D. Hamilton, Washington, Pa.