## MARTIN v. TEXAS EMPLOYERS' INS. ASS'N.

### No. 13607.

United States Court of Appeals, Fifth Circuit.

Jan. 11, 1952.

Rehearing Denied Feb. 12, 1952.

Letcher D. King, Abilene, Tex. (Alfred M. Scott, Austin, Tex., on appeal only), for appellant.

Tom S. Milam, Lubbock, Tex., for appellee.

Before HOLMES, RUSSELL and RIVES, Circuit Judges.

HOLMES, Circuit Judge.

Appellant sought recovery of benefits, under the Texas Workmen's Compensation Law, Vernon's Ann.Civ.St. art. 8306 et seq., for his total and permanent disability, which resulted from an accidental injury sustained by him in the course of his employment as a roughneck on an oil drilling rig.

During the course of the trial, and over the repeated objections of his attorney, appellant was questioned about his previous marriage and divorce, about the fact that he had changed his name from Martinez to Martin, and about his failure to pay anything for the support of his children by a former marriage. His former wife was permitted to testify about matters that happened long prior to the date of the injury, including testimony that appellant had never paid a dime toward the support of these children. The latter question and answer thereto were ordered stricken from the record, but were heard by the jury.

■ It is contended that such testimony constituted prejudicial and reversible error. Some of it taken alone might not be deemed that serious, but, when considered as a whole, we think it is. The only issues involved were the extent and duration of appellant's disability, and there was no reason to allow the appellee to bring in testimony bearing on wholly immaterial and irrelevant matters, except possibly on cross-examination, and then the party so doing would be bound by the witness' answer; but, even on cross-examination, an irrelevant question with an opprobrious innuendo should not be asked a witness. Welch v. State, 104 Ind. 347, 3 N.E. 850; Throckmorton's Cases on Evidence (Hornbook Case Series), pp. 463, 464, 465. The testimony was of such a nature as to prejudice the decision on the real issues involved.

■ In addition to the allowance of such prejudicial testimony, appellant's rights were further infringed when his attorney was not allowed to question appellant about his lack of skill, education, and training, in an effort to show that appellant did not have any skill or trade from which he could earn a livelihood, after becoming unable to perform the work of a roughneck and steel painter. The cumulative effect of the errors committed, we think, entitle the appellant to a new trial. Accordingly, the judgment appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed.