MATTER OF GODFREY

In Deportation Proceedings

A-12793739

*Decided by Board November 29, 1971*

(1) Where no foundation was laid for such questioning, cross-examination concerning alleged improper Service methods of investigation was properly restricted by the special inquiry officer during the alien's deportation hearing.

(2) Unsubstantiated allegations of official misconduct should not be urged on appeal to the Board of Immigration Appeals in deportation proceedings but should be substantiated by specification under oath in support of a motion to reopen the proceedings.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of entry—no labor certification.

The special inquiry officer found the respondent deportable as charged in his order of February 12, 1971. He denied voluntary departure as a matter of administrative discretion. From his order the respondent appeals. Her appeal will be dismissed.

The record relates to a 40-year-old female, native and citizen of Jamaica, B.W.I., who entered the United States on or about June 21, 1966 as a special immigrant granted exemption from the labor certification requirement of section 212(a)(14) by virtue of her marriage to a United States citizen. The special inquiry officer found that the marriage was entered into solely for the purpose of evading the labor certification requirement and that the respondent, therefore, was not exempt from the provisions of section 212(a)(14). The special inquiry officer, therefore, found her deportable as charged. We agree and uphold the special inquiry officer's decision that deportability has been shown with evidence that is clear, convincing and unequivocal.

The Government's case against the respondent was based entirely upon her prehearing sworn statement in which she

admitted that there had been a sham marriage. She attempted to repudiate this statement during the hearing before the special inquiry officer, claiming that it had been involuntary and was obtained in violation of her right to counsel. The investigator who took the statement testified at great length and related how the statement had been voluntarily given, and that the respondent had been fully advised as to her right to counsel. The record indicates that the respondent has a knowledge of the English language. Her statement (Ex. 2) contains a warning as to her rights, and a waiver, which she signed. The special inquiry officer, who considered the many inconsistencies in her story, concluded that her claim that the statement was taken by force and by means of threats to her personal liberty was totally unworthy of belief. We note that the special inquiry officer heard the evidence and was in the best position to observe the demeanor of the witnesses and assess their credibility. After a careful review of the record, we conclude that there was no error and that the determination of the special inquiry officer to receive the statement in evidence was correct.

Counsel for respondent at oral argument had initially participated in the hearing before the special inquiry officer but was replaced by another lawyer from the same firm during a portion of the proceedings. The part he missed included the testimony of the Service investigator. Present counsel contends that the sole issue on appeal is whether the Service investigator advised the respondent of her right to counsel before he took her prehearing statement. Counsel sought to have the respondent testify anew at oral argument as to the circumstances under which the statement in question was taken.

We did not permit her to testify at oral argument for two reasons. First, this Board is not equipped to receive oral testimony. Second, we ordinarily confine our review to a consideration of the record alone, although in exceptional cases we do receive and consider additional affidavits or other documents not previously available.[1]

During the proceedings before the special inquiry officer respondent's previous counsel attempted to impeach the testimony

---

[1] In *Matter of SS. Captain Demosthenes*, Interim Decision No. 1995 (BIA, 1969), we considered new material which came into being subsequent to the date of the special inquiry officer's decision, since the authenticity of the information was not in question and because we desired to avoid unnecessary delay by disposing, in a timely fashion, of all aspects of a multi-faceted case. See also *Bovinas* v. *Savoretti*, 146 F. Supp. 274 (S.D. Fla., 1956).

of the Service investigator by cross-examining him with respect to promotions he had earned while in Government service from 1957 to 1971. When asked by the special inquiry officer whether he was insinuating that the investigator had received a promotion by reason of his actions in the respondent's case, counsel answered in the negative (Tr. p. 50). Counsel was evidently trying to impeach the investigator's testimony by showing the existence of certain factual propositions, the truth of which he wished to establish solely on the basis of the answers he sought to elicit from the witness on cross-examination. These propositions apparently were the following: (1) unacceptable methods of investigation are prevalent in the Service, (2) the investigator had received rapid advancement, (3) therefore, he must have completed a large number of investigations, and (4) he could only have done so by using such unacceptable methods of investigation.

The special inquiry officer sustained the trial attorney's objection to the relevancy of such questioning. As he said, "I think your insinuation is without foundation . . . an insult to the Immigration and Naturalization Service and an insult to honesty in government." We agree and approve the determination of the special inquiry officer to restrict cross-examination in this way. As the special inquiry officer stated, there was no foundation laid for such questioning. In addition, we accept the rule that the trier of fact may limit cross-examination by questions which assume facts not in evidence, *Skogen* v. *Dow Chemical Company*, 375 F.2d 692 (8 Cir., 1967). Also, cross-examination generally should be limited to matters embraced in the examination in chief, *Young Ah Chor* v. *Dulles*, 270 F.2d 338 (9 Cir., 1959). Finally, an irrelevant question with an opprobrious innuendo should not be asked a witness on cross-examination, *Martin* v. *Texas Employers' Ins. Ass'n.* 193 F.2d 645 (5 Cir., 1952).

At oral argument the respondent's present counsel renewed the objection to the admission of her prehearing sworn statement. Even though the respondent was not permitted to testify at oral argument, as we mentioned above, her counsel made the following argument: "I know it from my own knowledge, they intimidate witnesses, they do illegal searches and seizures . . . they do not advise the alien of their rights to have an attorney." Counsel was, in effect, trying to pursue the line of inquiry which the previous counsel had been prevented from going into by the special inquiry officer's restriction of cross-examination. In addition, counsel referred to what he characterized as "a clique of Negro investiga-

tors at the New York Office whom I have now called the Black Gestapo."

With these remarks counsel went beyond a mere attempt to impeach the testimony of one Service investigator in connection with one case, but he impugned the integrity of a large number of public servants. The charges leveled by counsel against the Service remind us of *Matter of Geronimo*, Interim Decision No. 2077 (BIA, 1971), wherein we said the following in connection with unsubstantiated allegations of misconduct appearing in the notice of appeal: "Grave charges such as these . . . based on matters outside the administrative record, should not be casually asserted in an unsworn allegation if they are seriously urged. The facts should be specified under oath, subject to the penalties of perjury. If not seriously urged, such charges should not be asserted at all." Just as we strongly disapproved of similar reckless charges in *Matter of Geronimo, supra,* we feel we must criticize counsel in the present case for making his blanket allegation of official misconduct at oral argument. If counsel believes the order before us on appeal is the product of official misconduct, he should be prepared to substantiate his claim by specifications under oath in support of a motion to reopen the proceedings.

The special inquiry officer denied the respondent voluntary departure as a matter of administrative discretion. We believe this determination also was sound. Hence, the appeal will be dismissed and the following order will be entered.

**ORDER:** The appeal is dismissed.