947 F.2d 954
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Arturo SAUCEDO-PINEDO, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 90-9585.
 United States Court of Appeals, Tenth Circuit.
 Oct. 24, 1991.
 
 1
 Before McKAY, Chief Judge, EBEL, Circuit Judge, and SAFFELS,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 DALE E. SAFFELS, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Petitioner Arturo Saucedo-Pinedo petitions for review of the Board of Immigration Appeals' (BIA) Order affirming an immigration judge's (IJ) decision finding him deportable and denying his request for a waiver of deportation under section 212(c) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(c). We have jurisdiction pursuant to 8 U.S.C. § 1105a. We deny the Petition for Review.
 
 
 6
 Petitioner, a thirty-four-year old male and a native and citizen of Mexico, was admitted to the United States for lawful permanent residence on October 15, 1974, when he was eighteen years old. On January 17, 1990, an Order to Show Cause (OSC) was issued, charging Petitioner with deportability pursuant to section 241(a)(4) of the INA, 8 U.S.C. § 1251(a)(4), as an alien convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal conduct. Specifically, allegation five of the OSC stated that Petitioner was convicted of theft on September 30, 1986, in a Colorado state court, and allegation six of the OSC charged that Petitioner was also convicted of sexual assault on a child on December 23, 1988, in a Colorado state court.
 
 
 7
 Deportation proceedings were held between February 5 and February 20, 1990. Petitioner denied allegations five and six of the OSC. In response, the Immigration and Naturalization Service (INS) submitted, as Exhibit 2, documents reflecting Petitioner's conviction for theft and, as Exhibit 3, documents reflecting Petitioner's conviction for sexual assault on a child. The INS further submitted, as Exhibit 5, documents which established that Petitioner, in 1979, was convicted of battery in Illinois for cutting a fifteen-year old girl with a knife while attempting to sexually molest her.
 
 
 8
 In his decision, the IJ cited Exhibits 2, 3, and 5, and initially found Petitioner deportable as an alien convicted of two crimes involving moral turpitude. Rec.Vol. I. at 27. The IJ then denied Petitioner's claim for discretionary relief under section 212(c). Id. at 27-31. On appeal, the BIA affirmed.
 
 
 9
 In support of his Petition for Review, Petitioner first challenges the finding of deportability. According to Petitioner, his conviction for theft should not "count" as a basis for deportability, as alleged in the OSC, because he is attempting to expunge that conviction or, in the alternative, retry the theft charge or plea bargain the conviction down to a misdemeanor. In support of this argument, Petitioner cites In re Tinajero, 17 I. & N.Dec. 424, 425 (BIA 1980), which states that the policy of the INS is to defer institution of deportation proceedings until an alien who is eligible to have his conviction for a crime involving moral turpitude expunged has had a reasonable opportunity to apply for such expunction. However, there is no indication in the record before us that Petitioner raised this argument before the BIA. Petitioner, therefore, has failed to exhaust his administrative remedies on this issue, and we are precluded from considering it at this stage in the proceedings. Florez-de Solis v. INS, 796 F.2d 330, 335 (9th Cir.1986); Ka Fung Chan v. INS, 634 F.2d 248, 258 (5th Cir.1981).[1]
 
 
 10
 Petitioner next challenges the denial of his application for relief from deportation under section 212(c) of the INA. Under section 212(c), deportation may be waived in the discretion of the Attorney General for aliens deportable because of criminal convictions. According to the BIA's interpretation of its own statutory authority, to which we owe respect, see INS v. Cardoza-Fonseca, 480 U.S. 421, 448 (1987), the BIA exercises its discretion by "balanc[ing] the adverse factors evidencing an alien's undesirability as a permanent resident with the social and humane considerations presented in his behalf." In re Marin, 16 I. & N.Dec. 581, 584 (BIA 1978). Moreover, "a succession of criminal acts [may] establish a pattern of serious criminal misconduct" which can be counterbalanced only by a showing of "outstanding equities" on the side of the applicant, and even "such a showing does not compel that discretion be exercised in [the alien's] favor." In re Buscemi, 19 I & N.Dec. 628, 633-34 (BIA 1988). We review the BIA's decision denying discretionary relief from deportation for an abuse of discretion. Joseph v. INS 909 F.2d 605, 607 (1st Cir.1990); Vargas v. INS, 831 F.2d 906, 908 (9th Cir.1987). "The denial will be upheld unless it was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Joseph, 909 F.2d at 607.
 
 
 11
 We cannot say that the BIA abused its discretion by denying the request for waiver of deportation in the present case. In its decision, the BIA properly recognized the positive and negative factors presented, including rehabilitation and hardship. Specifically, the BIA took into account the fact that Petitioner has been a permanent resident of the United States for over sixteen years and has very strong family ties here, including a wife, two natural children, two step children, a mother, and two siblings. However, the BIA concluded that these factors were insufficient to overcome his "utterly depraved and offensive acts of sexual abuse" as testified to by his wife and step daughter. The BIA further concluded that Petitioner failed to satisfactorily demonstrate his rehabilitation, in part because the record established that he had committed similar sexual offenses ten years apart.
 
 
 12
 Petitioner asserts that the BIA abused its discretion by improperly weighing his rehabilitation and his "innocuous" theft conviction. All we need say with respect to this assertion is that Congress has entrusted to the Attorney General, not the courts, the responsibility for weighing the favorable and unfavorable factors. See Id. In this case, the BIA considered all relevant favorable and unfavorable factors. Although disagreeable from Petitioner's point of view, the BIA's disposition of his request for discretionary relief under section 212(c) did not lack a rational basis. Rather, Petitioner simply advocates that we substitute his treatment of the relevant factors for that of the BIA. This we cannot do.
 
 
 13
 Accordingly, the Petition for Review is DENIED.
 
 
 
 *
 Honorable Dale E. Saffels, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 We also note that the IJ found Petitioner deportable based not only on his Colorado convictions for theft and sexual assault but also on his Illinois conviction for battery. Although the BIA did not expressly refer to the Illinois conviction in affirming the IJ's decision, this conviction may properly be considered in determining whether reasonable, substantial, and probative evidence supports the BIA's decision. See 8 U.S.C. § 1105a(a)(4) (on petition for review "record [is] considered as a whole"). Thus, even if the theft conviction is not "counted" as a ground for deportation, as Petitioner requests, the record still supports a finding that Petitioner is deportable as an alien convicted of two crimes of moral turpitude not arising out of a single scheme of criminal conduct