961 F.2d 220
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Leslie PAUL, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 91-9560.
 United States Court of Appeals, Tenth Circuit.
 April 6, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 3
 This is a pro se appeal from a decision denying Mr. Paul relief from deportation. Mr. Paul conceded he was deportable and the sole issue on appeal is whether the Board of Immigration Appeals abused its discretion in denying Mr. Paul relief from deportation. We affirm.
 
 
 4
 Under 8 U.S.C. § 1182(c), as interpreted, the Attorney General may waive deportability of certain lawful permanent residents with seven years domicile. See Francis v. INS, 532 F.2d 268, 273 (2d Cir.1976). The statute only defines who is eligible to apply for relief from deportation. It does not provide any standards for determining the exercise of discretion. Appellee concedes Mr. Paul is eligible to apply for relief.
 
 
 5
 Mr. Paul, a thirty-five-year-old native and citizen of Pakistan, was lawfully admitted into this country as a lawful permanent resident on October 27, 1980. On October 1, 1982, a state court information was filed charging Mr. Paul with ten felonies. In June 1983, Mr. Paul entered a guilty plea to rape with the remaining counts dismissed, and he was sentenced to twelve years imprisonment. Mr. Paul was paroled in 1988 and these deportation proceedings were subsequently commenced.
 
 
 6
 As could be expected, the evidence was of a mixed nature. Mr. Paul denied he committed the rape and explained he pleaded guilty only because his attorney was unprepared for trial. Mr. Paul blamed his problems on heavy drinking and has joined Alcoholics Anonymous. He wishes to reside here as his father, mother and two sisters are lawful residents. On the other side of the coin, Mr. Paul still drinks an occasional beer, has extensive family in Pakistan and, while asserting he supports his mother, acknowledges this support consists only of an occasional gift.
 
 
 7
 Both the Immigration Judge and the Board balanced the social and humane considerations presented in Mr. Paul's favor against the adverse factors evidencing his undesirability as a permanent resident and concluded that a favorable exercise of discretion was not warranted.
 
 
 8
 The ultimate decision to suspend deportation is a matter of grace similar to a presidential pardon. United States v. Shaughnessy, 180 F.2d 489, 491 (2d Cir.1950). We are unable to find, and Mr. Paul has failed to identify, any standards by which we may judge the exercise of this power aside from the most deferential of reviews. No one is entitled to mercy. A discretionary denial of relief under 8 U.S.C. § 1182(c) must be sustained "unless it was made without a rational explanation, it inexplicably departed from established policies, or it rested on an impermissible basis." Cordoba-Chaves v. INS, 946 F.2d 1244, 1246 (7th Cir.1991). Mr. Paul has failed to show such circumstances. Even if we possessed authority to review more critically such a clear exercise of discretion, we would necessarily have to affirm the Board's decision where a factual basis for the determination exists in the record. To hold otherwise would be to substitute our judgment for that of the Board. Congress has entrusted to the Attorney General, not the courts, the responsibility to balance the favorable and unfavorable factors. Joseph v. INS, 909 F.2d 605, 607 (1st. Cir.1990).
 
 
 9
 The decision of the Board is therefore AFFIRMED.
 
 
 10
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3