955 F.2d 40
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Raminder Singh DHILLON, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 91-1157.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 2, 1992.
Decided Feb. 24, 1992.
 
 On Petition for Review of an Order of the Immigration and Naturalization Service. (A17-034-844)
 Robert M. Price, Murray & Price, Washington, D.C., for petitioner.
 Stuart M. Gerson, Assistant Attorney General, Robert Kendall, Jr., Assistant Director, Donald E. Keener, Civil Division, United States Department of Justice, Washington, D.C., for respondent.
 BIA
 AFFIRMED
 Before MURNAGHAN, SPROUSE and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Raminder Singh Dhillon appeals from the order of the Board of Immigration Appeals ("Board") denying his application for discretionary waiver relief pursuant to section 212(c) of the Immigration and Nationality Act ("Act"), 8 U.S.C.A. § 1182(c) (West Supp.1991). Our review of the administrative record discloses this appeal is without merit, and we therefore affirm.
 
 
 2
 Dhillon began his lawful residence in the United States at age ten in 1966. On April 27, 1987, he was convicted in New York on state charges of attempted sale of cocaine. Dhillon, through his representative, conceded the truth of the factual allegations contained in an Order to Show Cause why he should not be deported pursuant to section 241(a)(11) of the Act, 8 U.S.C.A. § 1251(a)(11) (West Supp.1991).
 
 
 3
 On August 24, 1988, after a hearing, an immigration judge denied Petitioner's request for relief pursuant to section 212(c) of the Act, 8 U.S.C.A. § 1182(c) (West Supp.1991), and ordered deportation to India. On June 18, 1990, Petitioner moved to remand to allow him to submit additional evidence regarding his eligibility for waiver relief and to apply for asylum and withholding of deportation pursuant to sections 208(a) and 243(h) of the Act, 8 U.S.C.A. §§ 1158(a) and 1253(h) (West Supp.1991). The motion was denied and the administrative appeal was dismissed by the Board on May 1, 1991. Dhillon has filed an appeal to this Court and the case is now ripe for review.
 
 I. The Denial of Section 212(c) Relief
 
 4
 The Board's decision to grant or deny a waiver of deportation under section 212(c) of the Act is discretionary. See McLean v. INS, 901 F.2d 204, 205 (1st Cir.1990); Vargas v. INS, 831 F.2d 906, 908 (9th Cir.1987) (judicial review of denial of waiver relief by Board reviewed under abuse of discretion standard). This standard has been broadly interpreted. See, e.g., id. (court to overturn denial of relief only if Board failed to support conclusions with reasoned explanation based on legitimate factors); Joseph v. INS, 909 F.2d 605, 607 (1st Cir.1990) ("As in other 'discretionary waiver cases,' we will consider only 'whether the denial was arbitrary, capricious or an abuse of discretion' "); Blackwood v. INS, 803 F.2d 1165, 1168 (11th Cir.1986) (arbitrary and capricious standard).
 
 
 5
 Here, the Board considered the equities as weighed by the immigration judge and concluded that Dhillon was undeserving of relief. Namely, the Board recognized Dhillon's long residence and family ties in the United States. However, weighed against an extensive criminal record and drug addiction, the Board found these factors insufficient to warrant relief. Moreover, Dhillon's family ties in the United States were not shown to be significant. In fact, he had barely kept in contact with most of his relatives residing in this country.
 
 
 6
 The Board also rejected Dhillon's request to submit additional evidence in support of his request for section 212(c) relief which he contends was omitted as a result of negligent representation at the deportation hearing. The new evidence that Dhillon wished to submit was a letter, apparently intended to show rehabilitation, from his current employer attesting to Dhillon's satisfactory job performance. However, the immigration judge and the Board concluded that such evidence was available at his original hearing and, regardless, would not have altered their view that Dhillon failed to prove rehabilitation.
 
 
 7
 In view of these considerations, we do not believe the Board abused the wide discretion it is afforded in denying section 212(c) relief in this case.
 
 II. The Motion to Reopen
 
 8
 The denial of a motion to reopen is also reviewed for abuse of discretion. INS v. Abudu, 485 U.S. 94, 104-05 (1988); M.A. v. INS, 899 F.2d 304, 307-10 (4th Cir.1990) (en banc) (denial of motion to reopen based on ground that alien has not made out a prima facie case for asylum). The pertinent regulation provides:
 
 
 9
 An alien may request that an exclusion or deportation proceeding be reopened pursuant to 8 CFR 103.5 or 8 CFR 242.22 respectively, on the basis of a request for asylum. Such request must reasonably explain the failure to request asylum prior to the completion of the exclusion or deportation proceeding. If the alien fails to do so, the asylum claim shall be considered frivolous, absent any evidence to the contrary.... 8 C.F.R. § 208.11 (1990).
 
 
 10
 The Board denied Dhillon's request to reopen because he failed to give a reasonable explanation why he did not apply for asylum during the deportation proceeding and because he failed to make out a prima facie case for asylum and withholding of deportation.
 
 
 11
 Dhillon's request for asylum is based primarily on his father's reputation as an activist in the Sikh cause in India. He claims that he did not request asylum earlier because he was not aware of his father's political activities since he had been out of contact with his family since 1977; his representative at the deportation hearing did not attempt to contact his family; and he could not contact his family from prison. Dhillon also claims that he was never advised by his representative or the immigration judge that persecution was a defense to deportation.
 
 
 12
 Dhillon requested India as the country of deportation at the hearing. It was not an abuse of discretion for the Board to reject his contention that he did not know of his father's political activity at that time. Although Petitioner complains that his representative was delinquent in not obtaining the testimony of his family members, his motion to submit new evidence contains only a letter from his uncle stating that he could have been reached by telephone during that time. No affidavit has been submitted from Petitioner's father. Based on the lack of evidence in the record of threats of persecution to the families of Sikh activists, it was not an abuse of discretion for the Board to find that Petitioner did not make out a prima facie case for asylum.
 
 III. Conclusion
 
 13
 For the reasons stated here and in the Board's opinion, we affirm the denial of the relief requested. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 14
 AFFIRMED.