**Gordon McLEAN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE, Respondent.**

No. 89–1968.

United States Court of Appeals,
First Circuit.

Heard March 5, 1989.

Decided April 26, 1990.

Steve J. Gutherz, Boston, Mass., for petitioner.

Karen L. Fletcher, Atty., Office of Immigration Litigation, Civ. Div., U.S. Dept. of Justice, with whom Robert Kendall, Jr., Asst. Director, and Stuart M. Gerson, Asst. Atty. Gen., Civ. Div., Washington, D.C., were on brief, for respondent.

Before CAMPBELL, Chief Judge, BOWNES, Senior Circuit Judge, and CYR, Circuit Judge.

BOWNES, Senior Circuit Judge.

This is an appeal from a decision of the Board of Immigration Appeals (BIA) denying Gordon McLean's application for a waiver of deportation. Having carefully read the entire record, we find no support for McLean's claim that the BIA abused its discretion and therefore affirm.

McLean, a citizen of Honduras, entered the United States at the age of 5 in 1965 with permanent resident status. In his time here, McLean has compiled an extensive criminal record, including convictions for larceny and distributing marijuana.[1] Because of the convictions and resulting jail sentences, McLean became a deportable alien under 8 U.S.C. § 1251(a)(11). The government brought deportation proceedings against McLean following his release from jail. McLean conceded deportability but requested a discretionary waiver based upon his alleged rehabilitation and family considerations under § 212(c) of the Immigration and Nationality Act. 8 U.S.C. § 1182(c). *See Lozado v. I.N.S.*, 857 F.2d 10, 11 n. 1 (1st Cir.1988) (explaining statutory waiver structure).

After a full hearing, an immigration judge denied his request, holding that there were not sufficient countervailing equities, given McLean's extensive criminal

---

1. This long history is amply reported in the BIA opinion, which details the various offenses and resulting convictions, so we do not repeat it here.

record, to entitle McLean to a discretionary waiver. The BIA upheld the immigration judge in a detailed opinion in which it carefully listed and then weighed the various factors that must be considered in such cases. We affirm based on the reasoning in the BIA's opinion subject to two comments:

1. Reviewing courts in discretionary waiver cases consider whether the denial was arbitrary, capricious or an abuse of discretion. *See, e.g., Williams v. I.N.S.,* 773 F.2d 8, 9 (1st Cir.1985) (re-opening a deportation hearing). "The denial will be upheld unless it was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." *Williams,* 773 F.2d at 9. All McLean has shown here is that he would weigh the factors differently.

2. One of the factors upon which McLean places great weight (and thinks tips the balance in his favor) is that the BIA's opinion mentioned that McLean had shown "some rehabilitation" but not enough to justify a waiver. Our reading of the record leads us to believe that this finding was a generous one.

The board did note that there was "some evidence of rehabilitation which could be considered promising if exhibited after a single offense." However, it concluded that in light of McLean's "lengthy pattern" of criminal behavior, "we are not persuaded that the respondent's conduct will change." Thus, despite the Board's reference to "some evidence of rehabilitation," the Board clearly found that McLean had not demonstrated "genuine rehabilitation." Given McLean's long history of repeated criminal violations, we cannot say that this finding was not supported by substantial evidence.

AFFIRMED.