**Samuel Fils JOSEPH, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 89–1962.**

United States Court of Appeals,
First Circuit.

Heard April 6, 1990.
Decided July 25, 1990.

Gerald D. Wall, Greater Boston Legal Services, for petitioner.

Ellen Sue Shapiro, Office of Immigration Litigation, Civ. Div., Dept. of Justice, with whom Stuart M. Gerson, Asst. Atty. Gen., Civ. Div., and Richard M. Evans, Asst. Director, Office of Immigration Litigation, were on brief, for respondent.

Before BREYER, Chief Judge,
TORRUELLA and CYR, Circuit Judges.

CYR, Circuit Judge.

Petitioner, Samuel Fils Joseph, a citizen of Haiti, petitions for review of a final order of the Board of Immigration Appeals (BIA) denying his application for relief from deportation under section 212(c) of the Immigration and Nationality Act (Act), 8 U.S.C. § 1182(c), and his request for political asylum under section 208(a) of the Act, 8 U.S.C. § 1158(a). We have jurisdiction under 8 U.S.C. § 1105a(a), which provides the "sole and exclusive procedure" for judicial review of final orders of deportation. *See Ipina v. I.N.S.*, 868 F.2d 511, 513 n. 5 (1st Cir.1989). We find no merit in petitioner's claims and therefore deny the petition.

## I

Petitioner came to the United States in 1976 at the age of sixteen on permanent resident status. Since that time petitioner has compiled an extensive criminal record, including, among others, convictions for assault and battery, breaking and entering a dwelling, and armed robbery. In 1982, the government began deportation proceedings and charged petitioner with deportability under section 241(a)(4) of the Act, 8 U.S.C. § 1251(a)(4), for having committed a "crime involving moral turpitude," specifically, assault and battery with a dangerous weapon.

Deportation hearings began in January 1983 and did not end until February 1989. In 1987 an immigration judge denied petitioner's claim for discretionary relief under section 212(c) and for asylum. The BIA upheld the denial of relief under section 212(c) but remanded petitioner's asylum claim to an immigration judge for a full evidentiary hearing. After the hearing, which took place in December 1988 and February 1989, the immigration judge once again denied asylum. On appeal the BIA affirmed the denial of asylum, both as a matter of discretion and on the ground that petitioner did not qualify as a refugee within the meaning of the Act. The BIA ordered the petitioner deported to Haiti.

## II

### A

Section 212(c) of the Act allows for a waiver of excludability to otherwise inadmissible aliens at "the discretion of the Attorney General."[1] According to the BIA's interpretation of its own statutory authority, to which we owe "respect,"[2] the BIA exercises its discretion by "balanc[ing] the adverse factors evidencing an alien's undesirability as a permanent resident with the social and humane considerations presented in his behalf." *Matter of Marin*, 16 I & N Decision 581 (BIA 1978). Moreover, "a succession of criminal acts [may]

---

**1.** Although section 212(c) expressly applies only to aliens who are returning "to a lawful unrelinquished domicile of seven consecutive years," it has been interpreted to apply also to aliens who have not left the country but nonetheless meet the seven year requirement and face deportation proceedings. *See Lozado v. INS,* 857 F.2d 10, 11 n. 1 (1st Cir.1988).

**2.** *See INS v. Cardoza–Fonseca,* 480 U.S. 421, 448, 107 S.Ct. 1207, 1221, 94 L.Ed.2d 434 (1987) (when Congress, implicitly or explicitly, leaves gaps, "the courts must respect the interpretation of the agency to which Congress has delegated the responsibility for administering the statutory program"); *Alvarez–Flores v. INS,* 909 F.2d 1, 3–4 (1st Cir.1990).

establish a pattern of serious criminal misconduct" which can be counterbalanced only by a showing of "outstanding equities" on the side of the applicant, and even "such a showing does not compel that discretion be exercised in [the alien's] favor." *Matter of Buscemi,* Interim Decision 3058 (BIA 1988). As in other "discretionary waiver cases," we will consider only "whether the denial was arbitrary, capricious or an abuse of discretion." *McClean v. INS,* 901 F.2d 204, 205 (1st Cir.1990). *Accord Vargas v. INS,* 831 F.2d 906, 908 (9th Cir.1987). "The denial will be upheld unless it was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." *McClean v. INS,* at 205 (quoting *Williams v. INS,* 773 F.2d 8, 9 (1st Cir.1985).

We cannot say that the BIA abused its discretion by denying the request for waiver of deportation in the present case. Although the BIA found that there were several factors in petitioner's favor which "[o]rdinarily" would be considered "outstanding equities," it also detailed a lengthy criminal history amounting in its view to a "consistent pattern of criminal misconduct ... involving violence or the threat of violence towards innocent individuals" which militated against a favorable exercise of its discretion.

Petitioner nevertheless asserts that the BIA abused its discretion by giving inadequate weight to petitioner's rehabilitation and other favorable factors. We remain mindful, however, that Congress has entrusted to the Attorney General, not to the courts, the responsibility for balancing the favorable and the unfavorable factors. The Attorney General, in turn, has delegated to the BIA the authority to make discretionary asylum decisions regarding aliens undergoing deportation proceedings. 8 C.F.R. § 3.1(b)(2).

The BIA concededly considered all relevant favorable and unfavorable factors to be weighed in determining whether to grant a waiver of deportation but found the favorable factors insufficient to offset petitioner's serious "criminal misconduct."

Although surely disagreeable from petitioner's point of view, the BIA's disposition of the petition did not lack for a rational basis. Rather, petitioner simply advocates on appeal that we substitute his treatment of the relevant factors for that of the BIA. Since substantial evidence supports the BIA decision, we decline to do so. *See McClean v. INS,* at 205.

### B

The second claim presented by the petitioner is that the BIA erred in denying the request for political asylum. Petitioner asserts eligibility for asylum on the ground of a "well-founded fear of persecution" because of petitioner's actual political opinion and on account of the political opinion which would be imputed to him by the Ton Ton Macoutes. After a full evidentiary hearing before an immigration judge, the BIA found, first, that petitioner is ineligible for asylum under the statute and, second, undeserving of asylum as a matter of discretion.

Under section 208(a) of the Act, the Attorney General may grant asylum, as a matter of "discretion," to an otherwise deportable alien who is a "refugee" within the meaning of section 101(a)(42)(A) of the Act, 8 U.S.C. § 1101(a)(42)(A), defining "refugee," in relevant part, as anyone unable to return to the country of deportation "because of persecution or a well-founded fear of persecution on account of ... political opinion." *Id.* Hence, asylum involves a two-step process: the determination of statutory eligibility; and the discretionary determination whether to grant asylum.

The Supreme Court has emphasized that "an alien who satisfies the applicable standard under § 208(a) does not have a *right* to remain in the United States; he or she is simply *eligible* for asylum, if the Attorney General, in his discretion, chooses to grant it." *INS v. Cardoza–Fonseca,* 480 U.S. 421, 443, 107 S.Ct. 1207, 1219, 94 L.Ed.2d 434 (1987) (emphasis in original). The discretionary decision whether to grant asylum is reviewed under the "abuse of discretion" standard. *See Ipina,* 868 F.2d at 513;

608

*cf. Vides–Vides v. INS,* 783 F.2d 1463, 1466 (9th Cir.1986).

Even if we were to assume *arguendo* that a petitioner has met the statutory requirements for asylum, we would not find that the BIA abused its discretion in rejecting the present request. Petitioner contends that the BIA acted arbitrarily because it denied the asylum claim solely on the basis of his criminal record and failed to give adequate consideration to his fear of persecution in the event he were returned to Haiti.

Petitioner points to case law which has held that the BIA acted arbitrarily by pretermitting the asylum claims of aliens convicted of serious crimes. *See Arauz v. Rivkind,* 845 F.2d 271 (11th Cir.1988); *Shahandeh–Pey v. I.N.S.,* 831 F.2d 1384 (7th Cir.1987). In accord with these rulings, however, the BIA has abandoned its pretermission policy. *See Matter of Gonzalez,* Interim Decision 3071 (BIA 1988). In the present case, in fact, the BIA remanded petitioner's asylum request to an immigration judge for the specific purpose of conducting a full evidentiary hearing as required by *Gonzalez.* During these hearings petitioner was allowed ample opportunity to present evidence on the asylum claim. The record reveals that both the immigration judge at the hearing and the BIA on appeal considered the hearing evidence but found it insufficient to merit discretionary relief in light of the petitioner's criminal record. Thus, we can discern no abuse of discretion on the present record. *See Arauz v. Rivkind,* 845 F.2d at 276 (INS regulations require "only that the alien be afforded some meaningful opportunity to be heard, followed by the immigration judge's careful consideration of the weight to be given such evidence"); *Shahandeh–Pey,* 831 F.2d at 1388–89 (fact that BIA failed to "mention *any* evidence" in regard to asylum claim amounts to an abuse of discretion) (emphasis added).

Having determined that the BIA did not abuse its discretion in denying the present request for asylum, we decline to consider whether the petitioner has established a "well-founded fear of persecution." *See*

*Ipina,* 868 F.2d at 515 (unnecessary to consider alternate ground for denial of asylum where BIA ruled that applicant neither established "well-founded fear of persecution" nor deserved asylum). *See also INS v. Stevic,* 467 U.S. 407, 423 n. 18, 104 S.Ct. 2489, 2497 n. 18, 81 L.Ed.2d 321 (1984); *Cardoza–Fonseca,* 480 U.S. at 443–44, 107 S.Ct. at 1219–20.

*The petition for review is denied.*