**Ronald HAZZARD, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 91–1338.**

United States Court of Appeals, First Circuit.

Heard Nov. 7, 1991.

Decided Dec. 18, 1991.

Jeremiah Friedman with whom Harvey Kaplan and Kaplan, O'Sullivan & Friedman, Boston, Mass., were on brief, for petitioner.

Charles E. Pazar, Atty., Office of Immigration Litigation, with whom Stuart M. Gerson, Asst. Atty. Gen., and Robert Kendall, Jr., Asst. Director, Washington, D.C., were on brief, for respondent.

Before BREYER, Chief Judge, SELYA and CYR, Circuit Judges.

CYR, Circuit Judge.

Petitioner Ronald Hazzard, also known as John Hazan, seeks review of a final order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's denial of petitioner's application for discretionary relief from deportation under section 212(c) of the Immigration and Nationality Act ("Act"), 8 U.S.C. § 1182(c).[1] Upon rehearing, we affirm.[2]

# I

## BACKGROUND

Petitioner came to the United States in 1969 at the age of twelve and is a lawful permanent resident. Since entering the United States, petitioner has been convicted of three state drug charges.[3] In 1984, he pled guilty to a federal cocaine distribution charge. Petitioner received suspended sentences on each state charge, and a two-year prison term, followed by a three-year special parole term, on the federal drug charge.

Following the federal conviction, the Immigration and Naturalization Service ("INS") ordered petitioner to show cause why he should not be deported pursuant to 8 U.S.C. § 1251(a)(11), which empowers the Attorney General to deport an alien convicted of a controlled substance offense. Petitioner conceded deportability but requested discretionary relief pursuant to 8 U.S.C. § 1182(c). After several hearings, at which petitioner and his mother and father testified, the immigration judge reviewed the evidence and found several factors favoring relief: extended residence in the United States; extensive family ties in the United States, with parents, several siblings and a natural child who is a United States citizen; numerous favorable charac-

ter references; and a worthy employment history. The immigration judge found, however, that these positive factors were outweighed by the "adverse factors of respondent's involvement [in] distribution of narcotics." The immigration judge further found that petitioner's "recidivist behavior" indicated an absence of rehabilitation, and concluded that the application for discretionary relief from deportation should be denied.

Petitioner appealed to the BIA, claiming that the immigration judge had assigned insufficient weight to the favorable factors and requesting the BIA to consider petitioner's changed circumstances following the immigration judge's decision, including the birth of two children (also U.S. citizens), the successful completion of the special parole term, the absence of any new criminal charges, and petitioner's establishment of a house painting business. Based on its review of all the evidence, including the new evidence adduced by petitioner, the BIA found that

> the adverse factors in this case, *i.e.*, the respondent's criminal convictions for distribution of controlled substances are weighty evidence of the respondent's undesirability as a permanent resident. The pernicious effects of drugs on American society are well documented. Therefore, we cannot state that the immigration judge's decision to deny 212(c) relief in the exercise of discretion was error, as a matter of law.

# II

## DISCUSSION

At the discretion of the Attorney General, section 212(c) of the Act permits a waiver of excludability to otherwise inadmissible aliens. 8 U.S.C. § 1182(c). The discretionary authority vested in the Attorney

---

1. We have jurisdiction to review final orders for deportation. *See Joseph v. INS*, 909 F.2d 605, 606 (1st Cir.1990).

2. We affirmed the BIA order in an earlier, unpublished *per curiam* decision, *see Hazzard v. INS*, 940 F.2d 647 (1st Cir.1991) (Table), but thereafter granted rehearing.

3. In 1976 petitioner was convicted of conspiracy to distribute marijuana and of possessing marijuana, with intent to distribute. In 1983, he was convicted of possessing marijuana, with intent to distribute.

General is delegated to the BIA, which determines its exercise by "balanc[ing] the adverse factors evidencing an alien's undesirability as a permanent resident with the social and humane considerations presented in his behalf." *Matter of Marin*, 16 I. & N. Dec. 581, 584 (BIA 1978).

The petitioner bears the burden of demonstrating that he merits a discretionary waiver of excludability. *Id.* at 583. Ordinarily, a petitioner with a criminal record is required to demonstrate rehabilitation in order to qualify for discretionary relief, *id.* at 588, although rehabilitation is not an absolute prerequisite to relief, *Matter of Edwards*, Interim Decision 3134 (BIA 1990). Moreover, a petitioner who stands convicted of serious drug offenses, especially drug *trafficking* offenses, must demonstrate "unusual or outstanding countervailing equities," *Marin*, 16 I. & N. Dec. at 586 n. 4. Yet even "such a showing does not compel" a waiver of excludability. *Matter of Buscemi*, 19 I. & N. Dec. 628, 634 (BIA 1988). Due to its discretionary nature, we consider only whether the BIA's denial of a waiver of excludability was "arbitrary, capricious or an abuse of discretion." *McLean v. INS*, 901 F.2d 204, 205 (1st Cir.1990). "The denial will be upheld unless it was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." *Id.*, quoting *Williams v. INS*, 773 F.2d 8, 9 (1st Cir.1985).

Petitioner presents three claims: (1) the BIA improperly denied a waiver solely on the basis of petitioner's drug convictions and thereby deviated from the intent of Congress; (2) the BIA abused its discretion by inexplicably departing from established policy; and (3) the BIA did not conduct proper review of the decision of the immigration judge.

## A. *"Outstanding Equities"*

The BIA determination that the "outstanding equities" demonstrated by petitioner were insufficient to overcome his four drug convictions did not constitute an abuse of discretion. Neither the BIA, *Matter of Buscemi*, 19 I. & N. Dec. at 635, nor

this court, *see Joseph*, 909 F.2d at 607 (denial of § 212(c) relief held proper despite BIA finding of "outstanding equities"), has ever held that a finding of "outstanding equities" compels allowance of a waiver of excludability. Rather, the BIA is required to evaluate each individual petitioner's desirability as a permanent resident and to provide a rational explanation of its decision. In the present case, following a thorough review of the record, the BIA found that petitioner did not merit discretionary relief, despite the "outstanding equities," due to his numerous drug convictions. As there was no abuse of discretion in the BIA's balancing of the favorable and unfavorable factors relating to the petitioner, we decline to interpose the more lenient disposition sought by petitioner. *See id.* at 607.

Petitioner contends, nonetheless, that a denial of discretionary relief, due solely to his drug convictions, distorts the intent of Congress. Although petitioner concedes that "the immigration laws clearly reflect the strong Congressional policy against lenient treatment of drug trafficking offenders," *Blackwood v. INS*, 803 F.2d 1165, 1167 (11th Cir.1986); *Ayala–Chavez v. INS*, 944 F.2d 638, 641 (9th Cir.1991), he contends that Congress nevertheless intended that otherwise inadmissible aliens who have been convicted of drug offenses remain eligible for a waiver of excludability. According to petitioner, the BIA effectively precludes drug offenders from a meaningful opportunity to obtain discretionary relief. Petitioner insists that he demonstrated all that could reasonably be required to merit discretionary relief, since the BIA found that he possessed "outstanding equities" and, according to petitioner, implicitly found that he was rehabilitated. We must disagree.

First, contrary to petitioner's assertion, the BIA made no rehabilitation finding, either explicit or implicit. The BIA did state that "respondent testified that he is sincerely remorseful for his past criminal behavior and maintains that he is completely rehabilitated." But the BIA made no *determination* that rehabilitation had taken

place, nor did it take issue with the contrary finding explicitly made by the immigration judge—that petitioner had not demonstrated rehabilitation. Second, the BIA's determination that the "outstanding equities" were insufficient to overcome petitioner's four drug convictions was in no sense tantamount to a disentitlement of drug offenders generally, or petitioner in particular, to a meaningful opportunity to seek discretionary relief. The BIA is required to make a case-by-case determination. *See, e.g., Marin,* 16 I. & N. Dec. at 584 ("it has been held that each case must be judged on its own merits"). Drug offenders demonstrating either more outstanding equities or less serious criminal records might well be accorded discretionary relief. The BIA did no more than determine that relief was not warranted in petitioner's case. We find no distortion of congressional intent.

### B. *Departure from BIA Policies*

Petitioner alleges abuse of discretion based on an inexplicable departure from established BIA policies, *see McLean,* 901 F.2d at 205; *Williams,* 773 F.2d at 9, relating to BIA procedures for considering discretionary relief for drug offenders. Petitioner perceives two recent policy shifts: one relating to the manner in which the BIA evaluates the applications of petitioners who are required to demonstrate outstanding equities; and a second policy relating to the demonstration of rehabilitation. Since both of the alleged shifts are seen as emanating from the same decision, we discuss them together.

Petitioner argues that the recent BIA decision in *Matter of Edwards,* Int.Dec. 3134, modifies BIA procedure in cases like the present. The BIA made clear in *Edwards* that the BIA is required to conduct a "full examination of an alien's equities" in all cases, including those involving drug offenders. *Id.* The *Edwards* clarification was considered appropriate because the BIA believed that certain language in an earlier case, *Buscemi,* was potentially "misleading." *Id. Buscemi* indicated, in effect, that an alien who established unusual or outstanding equities had not thereby demonstrated that discretionary relief was merited, but had merely met the "threshold test for having a favorable exercise of discretion considered in his case." *Buscemi,* 19 I. & N. Dec. at 634. The *Edwards* decision expressed concern that *Buscemi* might have been taken to imply that "a full examination of an alien's equities can somehow be pretermitted." *Edwards,* Int.Dec. 3134. *Edwards* disavowed the potentially misleading language and confirmed that a proper merit determination "can only be made after a complete review of the favorable factors in [each] case." *Id. Edwards* also made clear that certain language in *Marin,* 16 I. & N. Dec. at 588, and *Buscemi,* 19 I. & N. Dec. at 635—stating, in effect, that a petitioner with a criminal record "ordinarily" is required to demonstrate rehabilitation before relief can be granted—did not mean that rehabilitation was an "absolute prerequisite" to relief, but a factor to be considered in exercising discretion. *Edwards,* Int.Dec. 3134.

We cannot agree that *Edwards* represents an inexplicable shift in BIA policy or, for that matter, any significant shift at all. *Edwards* did no more than clarify ambiguous language in earlier BIA decisions. *See Ayala–Chavez,* 944 F.2d at 641 n. 3 (*Edwards* "merely explained *Buscemi* and made it clear that a full examination of an alien's equities could not be pretermitted"). Nor did the potentially misleading language improperly influence the BIA in its disposition of petitioner's application. The BIA in the instant case considered all relevant factors, balanced the equities and did not treat rehabilitation as an absolute prerequisite to relief.

### C. *Standard of Review by BIA*

 Finally, petitioner asserts that the BIA deferred to the decision of the immigration judge, whereas it should have conducted *de novo* review. Although petitioner concedes that the BIA is under no legal

obligation to conduct *de novo* review,[4] he argues that *de novo* review was required because the BIA made findings of fact which differed from those of the immigration judge and because it made supplemental findings based on the new evidence petitioner submitted to the BIA.

We discern no contradiction between the findings of the BIA and those of the immigration judge. Petitioner argues that, unlike the immigration judge, the BIA explicitly found that the petitioner possessed "outstanding equities" and implicitly found that petitioner had been rehabilitated. As previously explained, we cannot agree with petitioner's contention that the BIA made an implicit finding of rehabilitation. Moreover, while the immigration judge did not make an explicit finding of "outstanding equities," he found that several factors favored discretionary relief, and there is nothing in the immigration judge's opinion which would suggest that these favorable factors were not "outstanding equities."

 Finally, while the BIA made supplemental findings, we perceive no sound basis, either in law or reason, for concluding that the BIA was thereby disabled from upholding the immigration judge's decision. The BIA "has full power to determine factual issues in cases before it," 1 C. Gordon & S. Mailman, *Immigration Law and Procedure*, § 3.05[5][b] at p. 3–57; *see, e.g., Matter of B.*, 7 I. & N. Dec. 1, 14 (BIA 1956), and may consider new evidence not presented to the immigration judge, *Matter of Demosthenes*, 13 I. & N. Dec. 345, 346 n. 1 (BIA 1969); *Matter of Godfrey*, 13 I. & N. Dec. 790, 791 n. 1 (BIA 1971). Moreover, at least in cases where no new ground for deportation is presented, *see, e.g., Matter of Rios–Carrillo*, 10 I. & N. Dec. 291 (BIA 1963) (remanding after presentation of new ground for deportation), the BIA may uphold an immigration judge's decision even after considering new

evidence in favor of petitioner, *see, e.g., Matter of Reyes*, 16 I. & N. Dec. 475 (BIA 1978) (affirming decision by District Director after considering legal memoranda and affidavit of foreign lawyer). The BIA made an extensive review of the evidence presented before the immigration judge, as well as the newly-presented evidence in favor of petitioner's request for discretionary relief. It then made its determination that the immigration judge's denial of discretionary relief under section 212(c) did not constitute an abuse of discretion. We find no error in this determination. Accordingly, we uphold the deportation decision of the BIA.

*The petition for review is denied and the deportation order is enforced.*

---

**4.** The BIA has the discretionary power to conduct *de novo* review of an immigration judge's decision. *See, e.g., Damaize-Job v. INS*, 787 F.2d 1332, 1338 (9th Cir.1986); *Matter of Vilanova-Gonzalez*, 13 I. & N. Dec. 399, 402 (BIA 1969). Of course, the BIA does not invariably do so. *See, e.g., Matter of Marinho*, 10 I. & N. Dec. 214, 218 (BIA 1963) (BIA acknowledges its authority to make findings of fact and conclusions of law, but decides to defer to factfinder in the first instance); *Matter of T——*, 7 I. & N. Dec. 417, 419 (BIA 1957) (deferring to findings of special inquiry officer).