USCA1 Opinion

 

 [NOT FOR PUBLICATION] ___________________ No. 91-2236 FRANCISCO MARIA DE FREITAS NOIA, Petitioner, v. IMMIGRATION AND NATURALIZATION SERVICE, Respondent. __________________ PETITION FOR REVIEW OF AN ORDER OF THE BOARD OF IMMIGRATION APPEALS ___________________ Before Breyer, Chief Judge, ___________ Campbell, Senior Circuit Judge, ____________________ and Cyr, Circuit Judge. _____________ ___________________ Robert D. Watt, Jr., on brief for petitioner. __________________ Stuart M. Gerson, Assistant Attorney General, David J. _________________ _________ Kline, Assistant Director, and William J. Howard, Attorney, _____ __________________ Office of Immigration Litigation, on brief for respondent. __________________ August 25, 1992 __________________ Per Curiam. Petitioner, Francisco Maria De Freitas ___________ Noia, seeks review of a final order of the Board of Immigration Appeals ("BIA") reversing an immigration judge's grant of petitioner's application for discretionary relief from deportation under 212(c) of the Immigration and Nationality Act ("Act"), 8 U.S.C. 1182(c). We deny the petition. Petitioner lawfully entered the United States from Portugal on July 17, 1976 at the age of 17. Twenty-nine months later he was arrested and indicted in Rhode Island for assaulting a woman with a hatchet with intent to murder her, robbing her, and stealing her car. He was convicted of all three charges on a plea of nolo contendere and sentenced to ____ __________ twenty-one years incarceration followed by another twenty years of probation. He served approximately nine years in the Adult Correctional Institute at Cranston. In July, 1987, he was released on parole and into the custody of the Immigration and Naturalization Service ("INS"), which had previously served him with an Order to Show Cause why he should not be deported. At his deportation hearing, petitioner conceded the facts establishing that he was deportable under 241(a)(4) of the Act, 8 U.S.C. 1251(a)(4), as an alien convicted of a crime involving moral turpitude. However, he requested a -2- waiver of his deportation under 212(c), 8 U.S.C. 1182(c).1 The immigration judge ("IJ") granted his application. On appeal the BIA reversed, finding no demonstration of the "unusual or outstanding equities" needed to establish eligibility for a discretionary waiver under 212(c). Petitioner asks this court to conduct a de novo review _______ of the evidence, replacing our view of the facts (which he argues should be the same as the IJ's view) for that of the BIA. Even if we were persuaded by petitioner's view of the facts however, the discretion to waive exclusion of an otherwise deportable alien under the Act has been delegated to the BIA, not to this court. Hazzard v. INS, 951 F.2d 435, _______ ___ 438 (1st Cir. 1991). We review the BIA's action only to determine if it was "arbitrary, capricious or an abuse of discretion." McLean v. INS, 901 F.2d 204, 205 (1st Cir. ______ ___ 1990). The BIA exercises its discretion by "balanc[ing] the adverse factors evidencing an alien's undesirability as a permanent resident with the social and humane considerations ____________________ 1. Although 212(c) of the Act expressly applies to aliens who are returning "to a lawful unrelinquished domicile of seven consecutive years," it has been interpreted to permit discretionary waiver of deportability of aliens who have not left the country although they have met the seven year requirement. See Joseph v. INS, 909 F.2d 605, 606 n. 1 (1st ___ ______ ___ Cir. 1990); Lozado v. INS, 857 F.2d 10, 11, n. 1 (1st Cir. ______ ___ 1988). -3- presented in his behalf." Matter of Marin, 16 I. & N. Dec. _______________ 581, 584 (B.I.A. 1978); Joseph v. INS, 909 F.2d 605 (1st Cir. ______ ___ 1990) (BIA's interpretation of its statutory authority is entitled to court's respect). Its factual findings are conclusive if supported by "reasonable, substantial and probative evidence on the record considered as a whole." 8 U.S.C. 1105a(4).2 On review, we will uphold the BIA's action "unless it was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." McLean, 901 F.2d at 205 (quoting ______ Williams v. INS, 773 F.2d 8, 9 (1st Cir. 1985)). ________ ___ ____________________ 2. Respondent argues that this court should not review the record to determine if it contains substantial evidence, but should instead confine its review to the logic and language of the BIA's opinion. The BIA exercises its discretion by balancing various "factors," which are composed of conclusions on certain subjects drawn from the evidence. Respondent says that judicial review for substantial evidence intrudes on this discretionary exercise. Since we here uphold the BIA's decision we need not reach this argument. We note, however, that the cases respondent cites do not support the limited review it urges. Cordoba-Chaves v. INS, ______________ ___ 946 F.2d 1245, 1246 (7th Cir. 1991); Blackwood v. INS, 803 _________ ___ F.2d 1165 (11th Cir. 1986); Vergara-Molina v. INS, 956 F.2d ______________ ___ 682 (7th Cir. 1992). These cases hold, as has this court, that the relative weight of the various factors balanced is committed to the BIA's discretion, and will only be reviewed for an abuse. Joseph, 909 F.2d at 607. However, the cases ______ cited also recognize that on an appropriate challenge, judicial review must necessarily extend to the record as a whole to ascertain if the BIA's decision is supported by substantial evidence, Cordoba-Chaves, 946 F.2d at 1249; ______________ Blackwood, 803 F.2d at 1168; or properly considered all _________ important factors, Vergara-Molina, 956 F.2d at 685. A fourth ______________ case cited by respondent, INS v. Jong Ha Wang, 450 U.S. 139 ___ ____________ (1981) (upholding BIA's interpretation of statutory term), is inapposite. -4- We read petitioner's arguments as challenging the BIA's exercise of discretion on three grounds. Petitioner claims that the BIA improperly (1) departed from established policies when it weighed the factors involved, (2) exceeded its authority by conducting a de novo review and substituting __ ____ its own view of the facts for that of the IJ, and (3) based its factual conclusions on less than "substantial" evidence. (1) Departure from established policies ________________________________________ Petitioner argues that the BIA abused its discretion by applying to his case a standard of eligibility never before imposed. The requirement of "unusual and outstanding equities" to offset serious negative factors, first articulated in Matter of Marin, 16 I. & N. Dec. 581 (B.I.A. _______________ 1978), petitioner argues, was applicable only in cases involving drug-related crimes when his hearing was held in July, 1987. We disagree. Although Marin involved an alien who had been convicted _____ of drug-related crimes, the BIA's opinion applied to all 212(c) waiver cases. The opinion clearly warned that a proportionately greater showing of equities was required to balance out more egregious crimes. Marin, 16 I. & N. Dec. at _____ 583. The BIA emphasized that it has never adopted an inflexible test for determining when 212(c) relief should be granted. Instead, The equities that an applicant for section 212(c) relief must bring forward to establish that -5- favorable discretionary action is warranted will depend in each case on the nature and circumstances of the ground of exclusion sought waived and on the presence of any additional adverse matters. As the negative factors grow more serious it becomes incumbent upon the applicant to introduce additional offsetting favorable evidence, which in some cases may have to involve unusual or outstanding equities. Such a showing at times may be required solely by virtue of the circumstances and nature of the exclusion ground sought waived. Marin, 16 I. & N. Dec. at 585. _____ In a footnote the BIA added that the disfavor attending serious drug offenses would generally require a showing of "unusual and outstanding equities" to offset such crimes. Marin, 16 I. & N. Dec. at 586 n.4. But neither the footnote _____ nor the body of the opinion said that a weaker showing would be sufficient to overcome otherwise heinous crimes that did not involve drugs. See Cordoba-Chaves v. INS, 946 F.2d 1244 ___ ______________ ___ (7th Cir. 1991) (affirming, without discussion of instant issue, BIA's denial of discretionary waiver because "outstanding equities" shown in 1986 hearing were outweighed by alien's conviction for murder, aggravated battery and a lesser drug-related crime). In Matter of Buscemi, 19 I. & N. Dec. 628, 633 (B.I.A. __________________ 1988), a discretionary waiver case involving serious drug- related crimes, the BIA commented, "The necessity of demonstrating unusual or outstanding equities is not exclusively triggered by serious crimes involving controlled substances....[A]s we indicated in Marin, one must examine _____ -6- the gravity of the offense." We do not read Buscemi as _______ representing a shift in the BIA's standards, but a predictable clarification. Petitioner here cannot realistically claim to have been misled by the Marin _____ decision, which obviously warned of the need for greater equities where, as here, there were especially egregious disqualifying factors. (2) BIA's Standard of Review _____________________________ Petitioner argues that the BIA exceeded its authority by conducting a de novo review of the evidence. He claims the __ ____ BIA erroneously refused to accept the IJ's factual findings as conclusive. First, we do not agree with petitioner's characterization of the BIA's procedure. The BIA did not find new facts nor reweigh those which the IJ had already found. Instead, the BIA held that the IJ erred by applying an inappropriate balancing standard. The IJ had not assessed the facts to determine if petitioner had shown "outstanding and unusual equities", as required by Marin. Rather the IJ _____ had reasoned that since petitioner had family in the United States, a clean record in prison, and was truly contrite, he should be given "the opportunity to remain." The BIA did not abuse its discretion in holding the IJ's decision to be an error under Marin. _____ -7- Second, the BIA searched the record for additional facts that might demonstrate the "unusual and outstanding" equities required by Marin, and found none. This second step in the _____ BIA's review arguably might be characterized as de novo. But __ ____ it was not error. The BIA has discretion to review the IJ's decision de novo, and the "full power to determine all __ ____ factual issues before it." Hazzard v. INS, 951 F.2d at 440 _______ ____ n.4 (quoting 1 C. Gordon & S. Mailman, Immigration Law and ____________________ Procedure, Sect. 3.05[5][b] at p.3-57); Cordoba-Chaves, 946 _________ ______________ F.2d at 1249 (rejecting petitioner's argument that BIA was required to defer to IJ's factual and credibility findings). Nor did the BIA abuse its discretion by not remanding to the IJ. Petitioner offers no reason for compelling a remand beyond his belief that the IJ is a better fact-finder. 3. Substantial Evidence ____________________ Petitioner's main argument appears to be that since the IJ concluded that petitioner was entitled to a waiver, the BIA's contrary decision must be wrong. On review, we do not choose between the two interpretations. If the BIA's decision is supported by substantial evidence, meaning "such relevant evidence as a reasonable mind might accept to support [such] a conclusion," we must defer to the BIA and affirm. Blackwood, 803 F.2d at 1168; Martinez v. INS, No. _________ ________ ___ 92-1008, 1992 U.S. App. LEXIS 17123, at *3 (1st Cir. July 28, 1992). -8- There was certainly substantial evidence to support the BIA's decision. Petitioner conceded commission of a brutal crime less than three years after entering this country. He bore the burden of showing that despite this fact there were countervailing equities entitling him to discretionary relief from deportation. Hazzard, 951 F.2d at 438. _______ The BIA accepted the IJ's assessment of petitioner as "candid and worthy of belief," possessed of a genuine desire "to walk the straight and narrow" and having seen "the error of his ways." But the BIA found the record devoid of any other evidence probative of the factors listed in Marin and _____ other cases, which might demonstrate "unusual and outstanding equities." The record showed that most of petitioner's stay in the United States was spent behind bars. He had no employment history, no community service, and, the BIA concluded, had shown no evidence of rehabilitation. Although respondent had a number of family members in this country, the BIA saw nothing in the record "to suggest that [he] maintains a particularly close, supportive relationship with them." Petitioner argues that the BIA erred in concluding that there was "no" evidence on each of these subjects. For example, he points to proof that he was assigned work in prison as evidence of an employment history. He says his rehabilitation was demonstrated by such evidence as the -9- absence of a prison disciplinary record and his parole after less than nine years' incarceration. And he argues that he proved close family ties by his expressed desire not to return to Portugal because his family was here. These abstruse interpretations of the evidence aside, our reading of the record leads us to conclude that the BIA did not overlook any cogent evidence that might have proved "outstanding equities" in petitioner's favor. The BIA is not required to address specifically each item of evidence presented, so long as it has given reasoned consideration to the record as a whole. Martinez, 1992 U.S. App. LEXIS at ________ 17123. Cf. Vergara-Molina v. INS, 956 F.2d 682, 685 (7th ___ ______________ ___ Cir. 1992) (where evidence showed BIA adequately considered rehabilitation factor, BIA need not discuss specifically each fact which petitioner presented); Villaneueva-Franco v. INS, __________________ ___ 802 F.2d 327, 329-30 (9th Cir. 1986) (BIA's recognition generally of favorable facts without referring specifically to each fact was not an abuse of discretion). In conclusion, there is no showing here that the BIA abused its discretion in denying petitioner a waiver of deportation under 212(c) of the Act. The decision of the BIA is affirmed. ________ -10-