993 F.2d 228
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Concetto CENTURINO, a/k/a Concetto Jack Centurino, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-1666.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 14, 1993
Decided: April 27, 1993
 
 On Petition for Review of an Order of the Immigration and Naturalization Service. (A14-403-855)
 Luisa Sensenhauser, Law Student, Todd A. Sinkins, Law Student, Paul Grussendorf, Community Legal Clinics, The National Law Center, Washington, D.C., for Petitioner.
 Stuart M. Gerson, Assistant Attorney General, David J. Kline, Assistant Director, David M. McConnell, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.
 I.N.S.
 AFFIRMED.
 Before PHILLIPS, MURNAGHAN, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Concetto Jack Centurino, a native of Italy, seeks review of the Board of Immigration Appeals ("Board") decision and order affirming the Immigration Judge's denial of his application for a waiver from deportation under § 212(c) of the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1182(c) (West Supp. 1992), and ordering him deported. Centurino also seeks a stay of deportation pending review. For the reasons set forth below the stay is granted, and the decision of the Board is affirmed.
 
 
 2
 In 1987, Centurino was convicted of conspiracy to commit offenses against the United States, 18 U.S.C. § 371 (1988), namely, distribution of cocaine in violation of 21 U.S.C. § 846 (1988), and use of a telephone in commission of felonies in violation of 21 U.S.C. § 843(b) (1988). Later, Centurino was found deportable under INA § 241, 8 U.S.C.A. § 1251 (West 1985 & Supp. 1992), as an alien convicted of a crime involving an illegal substance. Centurino conceded deportability and applied for a discretionary waiver of deportability under INA § 212(c), 8 U.S.C. § 1182(c). The Immigration Judge denied the waiver. Centurino appealed to the Board, which affirmed his ineligibility for a § 212(c) waiver. Centurino has petitioned this court for review of the Board's decision.
 
 
 3
 Centurino also filed a motion for an automatic stay order or, in the alternative, a motion for stay of deportation pending review. Because the Immigration and Naturalization Service has consented, we grant a discretionary stay pending appeal, pursuant to Fed. R. App. P. 8.
 
 
 4
 "Any alien who at any time after entry has been convicted of a violation of (or a conspiracy or attempt to violate) ... any law or regulation of ... the United States ... relating to a controlled substance ... is deportable." 8 U.S.C.A. § 1251(a)(B)(1) (West Supp. 1992). In determining whether deportation is warranted, adverse factors evidencing the alien's undesirability as a permanent resident are balanced against social and humane considerations presented in the alien's behalf. See Matter of Marin, 16 I. & N. Dec. 581 (BIA 1978). Our review is limited to a consideration of whether the denial of waiver was arbitrary, capricious or an abuse of discretion. CordobaChaves v. INS, 946 F.2d 1244, 1249 (7th Cir. 1991); McLean v. INS, 901 F.2d 204, 205 (1st Cir. 1990); see M.A. A26851062 v. INS, 899 F.2d 304, 305 (4th Cir. 1990) (applying abuse of discretion standard to motion to reopen deportation proceedings).
 
 
 5
 In a detailed opinion, the Board concluded that an exercise of discretion in Centurino's favor was not warranted because his conviction for conspiracy involving cocaine trafficking, violation of the terms of his probation, and failure to file income tax returns from 1974 to 1988, outweighed the favorable factors and his one outstanding equity of lengthy residence in the United States. We find that the Board's denial of waiver of deportation was not arbitrary, capricious or an abuse of discretion.
 
 
 6
 Review by the Board and by this court is limited to evidence in the administrative record upon which the deportation order is based. 8 U.S.C. § 1105a(a)(4)(1988). Centurino has attempted, both before the Board and this Court, to submit additional evidence. Because this evidence could have been presented during the deportation hearings, it was properly excluded by the Board, and cannot be considered by this Court in reviewing Centurino's petition for waiver of deportation.
 
 
 7
 Centurino's final claim is that he automatically became a United States citizen, pursuant to § 321(a) of the INA, 8 U.S.C. § 1432(a) (1988),[1] when his father was naturalized in 1975. This claim was specifically abandoned in the deportation hearings before the IJ. Because it is not part of the record, and this court reviews only for abuse of discretion, this claim will not be considered by this court.[2]
 
 
 8
 Based upon the above reasoning, the Board's denial of waiver of deportation is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Section 321(a) provides that a child under the age of eighteen, born outside of the United States of alien parents, becomes a citizen of the United States upon the naturalization of both parents or upon the naturalization of the surviving parent if one of the parents is deceased. If there has been a legal separation of the parents, § 321(a)(3) provides for the citizenship of the child under the age of eighteen, upon the naturalization of the parent having legal custody. 8 U.S.C. § 1432(a)(3) (1988)
 
 
 [2]
 In support of this claim, Centurino filed a Motion for Leave to File Supplemental Evidence in which he included a copy of his father's naturalization certificate. We deny this motion because this evidence was not before the Board or the IJ and this Court is limited on appeal to evidence in the administrative record. Section 106(a)(5) of the INA requires: "whenever any petitioner, who seeks review of an order under this section claims to be a national of the United States and makes a showing that his claim is not frivolous, the court shall (A) pass upon the issues presented" if it appears that no genuine issue of material fact is present, or (B) transfer the proceeding to a United States district court for a de novo hearing on the claim of citizenship. 8 U.S.C. § 1105a(a)(5) (1988). The petitioner is required to show that his claim is not frivolous before he is entitled to a de novo hearing. Agosto v. INS, 436 U.S. 748, 754, n.4 (1978). Because Centurino has failed to establish that his claim of citizenship is not frivolous, he is not granted a de novo hearing