USCA1 Opinion

 

 November 17, 1993 NOT FOR PUBLICATION NOT FOR PUBLICATION ___________________ UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT ____________________ No. 93-1329 RADCLIFFE WESLEY NICHOLSON, Petitioner, v. IMMIGRATION AND NATURALIZATION SERVICE, Respondent. ____________________ ON PETITION FOR REVIEW OF AN ORDER OF THE BOARD OF IMMIGRATION APPEALS ____________________ Before Breyer, Chief Judge, ___________ Torruella and Boudin, Circuit Judges. ______________ ____________________ Richard L. Iandoli and Iandoli & Associates on brief for ____________________ _______________________ petitioner. Alison R. Drucker, Department of Justice, Civil Division, Office _________________ of Immigration Litigation, Frank W. Hunger, Assistant Attorney _________________ General, and Richard M. Evans, Assistant Director, on brief for _________________ respondent. ____________________ ____________________ Per Curiam. Petitioner Radcliffe Nicholson is a native ___________ and citizen of Jamaica who entered the United States in 1983 at the age of 20 as a lawful permanent resident. Beginning in 1985, Nicholson became involved in a series of incidents involving illegal drugs, entailing five arrests, two possession convictions, and ultimately his conviction in 1989 of possession with intent to distribute cocaine. This charge made him deportable under both the aggravated felony provision and the drug offense provision of the law. See 8 ___ U.S.C. 1251(a)(4)(B); (a)(11). On January 4, 1990, the INS issued an order to show cause why he should not be deported. The petitioner conceded that he was deportable, but asked for a section 212(c) waiver of inadmissibility. 8 U.S.C. 1182(c). The immigration judge denied his application, and the Board of Immigration Appeals affirmed this order. Petitioner now asks that we overturn the BIA's decision or remand for reconsideration. We are indebted to government counsel for a helpful brief elucidating INS precedent. Nicholson meets the statutory requirements for a section 212(c) waiver, that is, he is a permanent resident and has lived here continuously for at least seven years. Joseph v. ______ INS, 909 F.2d 605, 606 n.1 (1st Cir. 1990); Gando-Coello v. ___ ____________ INS, 888 F.2d 197, 198 (1st Cir. 1989). Under In re Marin, ___ ___________ 16 I&N Dec. 581 (BIA 1978), a balancing test is employed, -2- -2- measuring the adverse factors against the social and humane considerations to decide, finally, if it is in the best interests of the country for the individual to remain. In re _____ Edwards, Int. Dec. 3134 (BIA 1990). The number and nature of _______ the humane considerations necessary to tip the scales in the individual's favor will vary depending on the severity of the adverse factors involved. A serious narcotics offense is a particularly onerous factor to overcome, requiring a showing of unusual or outstanding equities. Marin, 16 I&N Dec. at _____ 586 n.4. Even a showing of outstanding equities, however, merely means the individual meets a threshold, not that he is guaranteed the waiver. In re Buscemi, 19 I&N Dec. 628, 634 _____________ (BIA 1988). The petitioner carries the burden of showing that he merits the relief. Hazzard v. INS, 951 F.2d 435, _______ ___ 437-38 (1st Cir. 1991); Marin, 16 I&N Dec. at 583. _____ Nicholson's claimed equities were his relationship with his U.S. citizen son, born out of wedlock in 1989; his strong emotional ties with his family, including his mother, stepfather, brother, and two sisters who all live in the Bronx; the length of his residence in the United States; and evidence of his rehabilitation, including the job he has held since his release from prison. Nicholson further pointed out the dismal economic conditions in Jamaica, claiming he would be unable to find work or to provide any money toward -3- -3- supporting his two children (he also has a daughter born in 1983 residing in Jamaica). After weighing these factors against Nicholson's three- year involvement with drugs and the number and nature of his prior convictions, the immigration judge denied Nicholson's application for a 212(c) waiver. In particular, the judge noted that while Nicholson had been told to provide affidavit testimony from the mother of his son confirming financial support, her affidavit made no mention of any financial assistance provided by Nicholson. Only Nicholson's own testimony--and his mother's testimony that Nicholson had told her he gave his children money--indicated that he contributed anything to their support. Both of his children live with their mothers, and his own claims about his daughter in Jamaica were very vague, indicating he sent money and gifts only sporadically. The judge characterized his work history as not significant, noting that petitioner had not filed tax returns for a number of years during which he supported himself by dealing drugs and by taking occasional jobs "off the books." His income, as reflected in tax records, for the second half of 1991 was less than $5,000. The judge thus concluded that no one relied on Nicholson for meaningful financial support. The BIA affirmed this decision, finding that the immigration judge had taken all relevant factors into -4- -4- account. Nicholson argues that the immigration judge erred in concluding that he provided little support for his son based on his partial earnings for 1991. Nicholson claims that by working full-time, with commissions and a raise, his current yearly salary is approximately $16,000. Nicholson bears the burden of establishing his equities, Marin, 16 I&N _____ Dec. at 583, and he did not provide meaningful evidence of support. Nicholson lived apart from his children, and the BIA is not required to assume that the petitioner is financially supporting his children. Indeed, Nicholson's own testimony makes vague references to cash, gifts, and clothes- -not a systematic, consistent source of support. Even if petitioner's gifts to his son were to be classified as meaningful support, and if his work record were taken to indicate a greater degree of rehabilitation such that his equities met the threshold of outstanding equities, the BIA still has the discretion to refuse to grant such a waiver, see Joseph v. INS, 909 F.2d 605, 607 (1st Cir. 1990), ___ ______ ___ and we can overturn the decision only if we find it to be "arbitrary, capricious, or an abuse of discretion." Hazzard, _______ 951 F.2d at 438 (quoting McLean v. INS, 901 F.2d 204, 205 ______ ___ (1st Cir. 1990)). Indeed, we do not require that the BIA "address specifically each claim the petitioner made or each piece of evidence the petitioner presented" so long as the BIA gives "reasoned consideration to the petition." Martinez ________ -5- -5- v. INS, 970 F.2d 973, 974 (1st Cir. 1992). The BIA gave the ___ petition such reasoned consideration in affirming the immigration judge's findings and specifically commented on petitioner's history of drug convictions. Petitioner also asks us to remand because of new evidence first made available to the BIA. On July 23, 1992, petitioner filed his appeal to the BIA. On August 4, 1992, another American citizen son was born to Nicholson. The BIA gave petitioner several extensions to file his brief, the final deadline being January 11, 1993. On January 19, petitioner married the mother of his son, and on January 27 he filed his brief with the BIA with two exhibits: the New York birth certificate of his son and his marriage certificate. The brief contained a request to remand the case in light of this new evidence. On February 26 the BIA affirmed the immigration judge's denial of the 212(c) waiver without mentioning Nicholson's recent marriage and new son. The government urges us to cast a suspicious eye over evidence rapidly assembled after an initial hearing has not gone well. In any event, 8 C.F.R. 3.2 presents the requirements for a motion to reopen immigration hearings, and the regulations require that the evidence be unavailable and not discoverable at the former hearing; here, the child was born five months before the brief was due for the BIA review, but three months after the original hearing. The new -6- -6- evidence offered must also be material, that is likely to change the result if the case were reopened. In re Coelho, ____________ Int. Dec. 3172 at 13 (BIA 1992). Admittedly, an additional child and a wife do evidence stronger emotional ties and possible hardship to petitioner's family. But while Nicholson married the mother of this child, they apparently do not live together and once again Nicholson presents no evidence that he supports the child financially. This new factor does not materially change Nicholson's status. The immigration judge thoroughly weighed the hardship to Nicholson and to his family, noting, however, that Nicholson has family, including a daughter, in Jamaica. The judge did not weigh lightly separating petitioner from his family. However, he also did not weigh lightly petitioner's history of drug convictions and drug use. When a petitioner has been involved in drug distribution, the BIA has not hesitated to uphold a denial of a 212(c) waiver, even when U.S. citizen children have been born in the interim. See, e.g., Hazzard, 951 F.2d at 436. We see no basis for ___ ____ _______ believing that the new circumstances presented by Nicholson would alter the result reached by the immigration judge and we do not consider the BIA's refusal to remand to be an abuse of discretion. The petition for review is denied. ______ -7- -7-