19 F.3d 1427
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Levon A. GARABEDIAN, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-1908
 United States Court of Appeals, First Circuit.
 March 24, 1994.
 
 On Petition for Review of an Order of the Board of Immigration Appeals
 George A. Pliakas and Peter A. Allen on brief for petitioner.
 Frank W. Hunger, Assistant Attorney General, Civil Division, Mark C. Walters, Assistant Director, Office of Immigration Litigation, Civil Division, and Michele Y. F. Sarko, Attorney, Office of Immigration, Litigation Civil Division, on brief for respondent.
 B.I.A.
 AFFIRMED.
 Before Breyer, Chief Judge, Selya and Boudin, Circuit Judges.
 Per Curiam.
 
 
 1
 Petitioner Levon Garabedian seeks review of a final order of the Board of Immigration Appeals [BIA] affirming a denial by an immigration judge [IJ] of petitioner's application for discretionary relief from an order of deportation. Petitioner was ordered deported following a hearing in which he was found to have been convicted of possession of a controlled substance (cocaine) and of two crimes of entering a dwelling with intent to commit larceny, all in violation of the laws of Rhode Island. Petitioner conceded that he was deportable under section 241(a)(11) of the Immigration and Nationality Act [INA], 8 U.S.C. Sec. 1251(a)(11), but sought discretionary relief pursuant to section 212(c) of the same act, 8 U.S.C. Sec. 1182(c). A denial of discretionary relief will be upheld "unless it was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Williams v. INS, 773 F.2d 8, 9 (1st Cir. 1985). We affirm.
 
 
 2
 Petitioner's main contention is that the BIA failed to provide a rational explanation for its denial of discretionary relief. Instead, the BIA merely stated that "[u]pon a review of the record, we affirm the [IJ's] decision and dismiss the appeal." The BIA did note that it found a "few errors in the Immigration Judge's decision, but they were not significant and in some instances were to the benefit of the [petitioner]." The BIA also found that the IJ "did not fail to consider any of the evidence submitted by the [petitioner]."
 
 
 3
 While the BIA has the discretionary power to conduct de novo review of a decision of an IJ, it is under no obligation to do so. Hazzard v. INS, 951 F.2d 435, 439-40 & n. 4 (1st Cir. 1991). In this case, the BIA explicitly stated that it was affirming the IJ's decision after having reviewed the record. Since petitioner has presented no evidence challenging the accuracy of this claim, we must presume that the BIA confirmed the IJ's findings and adopted his reasons for denying the request for discretionary relief. See McLeod v. INS, 802 F.2d 89, 95 n. 8 (3d Cir. 1986) (absent evidence to the contrary, BIA procedure in reviewing decision of the IJ "entitled to a presumption of regularity"). The decision of the IJ contains a detailed summary of the evidence, extensive factual findings, and a reasoned explanation for his denial of relief. We are satisfied that this decision of the IJ provides the rational explanation required to uphold the BIA's denial of discretionary relief. See DeLeon v. INS, 547 F.2d 142, 149 (2d Cir. 1976) (even though BIA did not discuss claim, its affirmance of decision of the IJ shows that it adequately considered claim where most of the IJ's decision was devoted to discussion of claim), cert. denied, 434 U.S. 841 (1977); Ramirez-Gonzalez v. INS, 695 F.2d 1208, 1213 (9th Cir. 1983) (even though BIA stated no reasons for its decision, the decision by the IJ which the BIA affirmed "supplies the reasons required by the regulation").
 
 
 4
 Petitioner also claims that the BIA erred in failing to give adequate weight to evidence of his rehabilitation when it denied him relief. See Gouveia v. INS, 980 F.2d 814, 816 (1st Cir. 1992) (in deciding whether to exercise discretion, BIA must balance factors favoring deportation against factors supporting application, such as evidence of rehabilitation). The record indicates that the IJ (and implicitly the BIA) considered the evidence of rehabilitation but found it, along with the other factors favoring relief, insufficient to meet petitioner's burden, see Hazzard, 951 F.2d at 438, of showing that he deserved a favorable exercise of discretion.[1] As this court has stated repeatedly, as long as the relevant factors have been considered, it belongs to the BIA and not to this court to weigh the various factors in arriving at the ultimate decision of whether to grant discretionary relief. See Gouveia, 980 F.2d at 819.
 
 
 5
 Affirmed.
 
 
 
 [1]
 The immigration judge did question "whether or not such advances [were] primarily due to the pending deportation proceedings." The record contains evidence which would support this evaluation