98 F.3d 1333
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Carlos Alberto Taranas de MEDEIROS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-1456.
 United States Court of Appeals, First Circuit.
 Oct. 25, 1996.
 
 Gary A. Pappas was on brief for petitioner.
 Frank W. Hunger, Assistant Attorney General, with whom David M. McConnell, Assistant Director, Office of Immigration Litigation, were on brief for respondent.
 B.I.A.
 AFFIRMED.
 Before BOUDIN, STAHL and LYNCH Circuit Judges.
 PER CURIAM.
 
 
 1
 Carlos Alberto Taranas de Medeiros, a citizen of Portugal and a lawful permanent resident of the United States since 1970, challenges the Board of Immigration Appeals' denial of his request for relief from deportation under Immigration and Nationality Act § 212(c), 8 U.S.C. § 1182(c). He does not appeal the Board's decision that he is deportable under INA § 241(a)(4),[1] 8 U.S.C. § 1251(a)(4). We affirm.[2]
 
 
 2
 Our review in § 212(c) cases is solely for abuse of discretion. Chen v. INS, 87 F.3d 5, 8 (1st Cir.1996); Gouveia v. INS, 980 F.2d 814, 817 (1st Cir.1992). We have said that there are three ways in which the Board can commit an abuse of discretion: "by neglecting to consider a significant factor that appropriately bears on the discretionary decision, by attaching weight to a factor that does not appropriately bear on the decision, or by assaying all the proper factors and no improper ones, but nonetheless making a clear judgmental error in weighing them." Henry v. INS, 74 F.3d 1, 4 (1st Cir.1996). Medeiros makes no claim that the Board ignored a relevant factor or considered an irrelevant one. His sole contention is that the Board improperly weighed the factors.
 
 
 3
 Where "the record reflects a plausible basis for the Board's determination," however, "we are constrained to find that the Board acted well within its broad discretionary powers in refusing to grant the waiver." Chen, 87 F.3d at 9. The record before the Board, with its ample references to Medeiros's considerable criminal activity,[3] clearly reflects a plausible basis for the denial of the waiver. This case is on all fours with our decision in Gouveia, where we upheld the Board's discretionary denial of § 212(c) relief to a deportable alien. In Gouveia, as here, the Board adequately "took into account petitioner's familial equities, ... lengthy period of residency, and numerous positive character references." Gouveia, 980 F.2d at 818-19. And in that case, as here, "[t]he Board's decision makes manifest that it appropriately considered the entire panoply of positive and negative factors in declining to grant a waiver." Id. Finally, in Gouveia, as here, the Board decided in the end "that petitioner's equities did not sufficiently tip the scales." Id.
 
 
 4
 Because we look only for an abuse of discretion, it is not our place to substitute our judgment for the judgment of the Board. See Henry, 74 F.3d at 7 ("A reviewing court may not reweigh the equities afresh."); Gouveia, 980 F.2d at 819 ("We refuse to second-guess the Board on the manner in which it weights different factors when arriving at its ultimate decision."). The Board's decision was "a judgment call, pure and simple," id. at 819, and there is no reason to call it into question.[4]
 
 
 5
 Petitioner's argument boils down to the contention that § 212(c) relief should have been granted as a matter of law after he met the burden, imposed on him by Matter of Buscemi, 19 I. & N. Dec. 628 (1988),[5] of demonstrating his unusual and outstanding equities. This is an untenable notion. The petitioner's demonstration of equities in this type of case is the beginning of the story, not the end of it. See Gouveia, 980 F.2d at 816 ("[E]ven the presence of preponderant equities or equities that in the abstract could qualify as 'unusual' or 'outstanding' does not compel the Board to grant [§ 212(c) ] relief."); Henry, 74 F.3d at 7 ("Adjustment of status is not an entitlement, but, rather, an extraordinary remedy. The Board need not make the anodyne available to all who theoretically qualify."); cf. Hazzard, 951 F.2d at 438 ("Neither the BIA nor this court has ever held that a finding of 'outstanding equities' compels allowance of a waiver of excludability." (citations omitted)). The Board is charged with balancing the alien's adverse factors against his equities in reaching its decision about the availability of § 212(c) relief. Matter of Marin, 16 I. & N. Dec. 581, 584 (BIA 1978). This is exactly what the Board did in this case. Affirmed.
 
 
 
 [1]
 The statute codified at § 241(a)(4) at the time of these proceedings is presently codified at § 241(a)(2)(A)(ii), 8 U.S.C. § 1251(a)(2)(A)(ii)
 
 
 [2]
 The recently enacted Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), P.L. 104-132, 110 Stat. 1214 (Apr. 24, 1996) does not affect this appeal. Section 440(a) of AEDPA on its face deprives the federal appeals courts of jurisdiction to review deportation orders entered against aliens who are deportable for, inter alia, having committed two crimes involving moral turpitude, but this bar to judicial review does not apply unless both crimes were committed within five years after the alien's entry into the United States
 Section 440(a) of AEDPA states: "Any final order of deportation against an alien by reason of having committed a criminal offense ... covered by section 241(a)(2)(A)(ii) for which both predicate offenses are covered by section 241(a)(2)(A)(i), shall not be subject to review by any court." In essence, then, the AEDPA jurisdictional provision applies to cases in which aliens found deportable under § 241(a)(2)(A)(ii) (two crimes of moral turpitude any time after entry not arising out of same scheme of criminal misconduct) also meet the standards of § 241(a)(2)(A)(i) (one crime of moral turpitude within 5 years after entry, for which a sentence of one year or more may be imposed). In Medeiros's case, both of the two crimes supporting the finding of his deportability were committed in 1984, 14 years after his entry into the country. Thus, although Medeiros was found to be deportable based upon his convictions for two crimes involving moral turpitude, neither of the predicate offenses are covered by § 241(a)(2)(A)(i), and thus this court has jurisdiction to review the case.
 It is similarly clear that AEDPA does not render Medeiros ineligible to seek § 212(c) relief. AEDPA § 440(d) amended INA § 212(c) in much the same way that § 440(a) amended the INA's appellate review section. Section 212(c), as amended by AEDPA, bars from seeking relief aliens found deportable "by reason of having committed any criminal offense covered in section 241(a)(2)(A)(ii) for which both predicate offenses are covered by section 241(a)(2)(A)(i)." As discussed above, Medeiros' offenses, committed 14 years after his entry into the country, are not covered by § 241(a)(2)(A)(i).
 
 
 [3]
 Medeiros's criminal record includes, in addition to the two assault and battery convictions (which formed the basis of the finding of deportability): threatening, breaking, and entering in the nighttime with intent to commit larceny; receiving stolen property; possession of a Class C controlled substance with intent to dispense; unlawful carrying of a dangerous weapon; loitering; unlawful possession of a dangerous weapon; unlawful possession of a Class D controlled substance; disorderly conduct; disturbing the peace; open and gross lewdness; armed assault in a dwelling; intimidation of a witness; malicious destruction of property valued at less than $100; non-support of a minor child; and numerous motor vehicle licensing and registration infractions. One of these criminal convictions--for disorderly conduct--came after the INS instituted the deportation proceedings against him
 
 
 [4]
 Contrary to Medeiros's suggestion, there is nothing amiss with the BIA's "adopt[ion][of] the contents of the Immigration Judge's decision." As this court pointed out earlier this year, "if the Board's view is that the IJ 'got it right,' the law does not demand that the Board go through the idle motions of dressing the IJ's findings in its own prose." Chen, 87 F.3d at 7-8
 
 
 [5]
 Under Buscemi, an alien facing deportation who has exhibited, inter alia, a pattern of serious criminal misconduct must meet this higher burden to justify the grant of § 212(c) relief. Id. at 633-34; see also Hazzard v. INS, 951 F.2d 435, 438 (1st Cir.1991). Medeiros does not challenge the applicability of Buscemi to his case